George H. MOORE, Appellant,

v.

Ray HENDRICKS, Appellee.

No. 6598.

Court of Civil Appeals of Texas.

Amarillo.

May 7, 1956.

Rehearing Denied June 4, 1956.

King Fike, Dalhart, for appellant.

Richards & Richards, Dalhart (R. C. Ferguson, Jr., Dalhart, of counsel), for appellee.

MARTIN, Justice.

On January 20, 1953, appellant, George H. Moore, and appellee, Ray Hendricks, entered into a parole contract by which appellee agreed to assemble and deliver to appellant's place of business certain farm machinery and equipment. Appellee agreed that the machinery and equipment would be placed in merchantable and salable condition and that delivery would be made on or before February 20, 1953. Appellant agreed to pay appellee the sum of $5,750 for the machinery, one-half of said amount being paid in cash and the balance represented by a promissory note due July 1, 1953. At the time of making such parole contract of sale, appellee rented to appellant 960 acres of land in Dallam County. The lease term was for two years and the rent was payable on a share crop basis.

Some of the machinery as sold was delivered to and was accepted by appellant. On the due date of the note, the same was not paid and a part of the farm machinery had not been delivered to appellant. On or about July 1, 1953, the due date of the note, appellant and appellee entered into an agreement extending the date of payment of the note to November 1, 1953. At the time such extension agreement was entered into by the parties, a 99 Wheatland Oliver Tractor and a Farquhar weed sprayer as sold by appellee to appellant had not been delivered to him. Two Oliver wheat drills were delivered on or before the original delivery date of February 20, 1953 but they had not been assembled as agreed. It is uncontroverted that in obtaining an extension of the due date of his promissory note, appellant waived appellee's failure to deliver the above equipment on or prior to July 1, 1953 as agreed. It is likewise uncontroverted that in the extension agreement between the parties it was further agreed that the note as extended would be paid on November 1st upon appellee's compliance with his original agreement to deliver the above-described equipment in merchantable and salable condition. Delivery of the equipment in issue as stipulated by the parties was not made on or before November 1st, the due date of the note under the extension agreement.

The case was tried upon the above essential facts and following a jury verdict judgment was rendered for appellee on the promissory note as executed by appellant. Minor issues of debt and credit as to items pertaining to the contract were included in the judgment but such items are not material to a disposition of the appeal. No motion non obstante veredicto or to disregard certain issues was made by appellee but several issues were disregarded by the court in the entry of the judgment. The appeal may be determined under appellant's first and fifth points of error. Appellant's first point alleges there were no pleadings and evidence to authorize the trial court's submission of Special Issue No. One. Appellant's fifth point alleges there was no evidence to sustain the trial court's submission of Special Issue No. Fourteen. The two issues subject to such points of error will be quoted and discussed hereinafter in the light of appellant's assignments of error above.

Special Issue No. One inquires as to whether " * * * the defendant waived completely assembled delivery on or about July 1, 1953, by the plaintiff to defendant of the 99 Wheatland Oliver Tractor, the two Oliver wheat drills and the Farquhar weed sprayer." The evidence is uncontroverted that such equipment, under the original parole agreement of the parties, was to be assembled and delivered in merchantable and salable condition on February 20, 1953. The evidence is likewise uncontroverted that on July 1, 1953, appellant in procuring an extension of the due date of his note to the date of November 1, waived such nondeliv-

ery of the equipment to the date of July 1, 1953. However, the record further reveals that as a part of such extension agreement the items of equipment were to be delivered in a merchantable and salable condition as originally agreed between the parties. Therefore, the principal issues in the cause are whether there was a substantial compliance with the contract by the appellee and if there was not a substantial compliance with the contract was there a waiver thereof on the part of appellant.

■ The record supports appellant's contention that there were no pleadings and evidence of waiver of delivery of the equipment following July 1, and extending to the date of November 1, 1953. Appellee's first amended petition, on which he went to trial, alleges as to the above issue, "The 99 Wheatland Oliver Tractor, the two Oliver Wheat Drills, the Farquhar Weed Sprayer, complete, were available for delivery to the Defendant, and were tendered to him by Plaintiff; the 99 Wheatland Oliver Tractor was located on the Pete Metcalf place and the Defendant well knew, that the same was there." The pleadings further allege an offer to deliver and that appellant had agreed to have the tractor brought to his place of business. There was no pleading of actual delivery and particularly there was no pleading that such equipment at the time it was "available for delivery" was in a merchantable and salable condition as agreed upon by the parties. Appellant's point of error No. One must be sustained. Phillips v. Burns, 151 Tex. 614, 252 S.W.2d 927; City of Houston v. Scanlan, 120 Tex. 264, 37 S.W.2d 718, Syl. 2; Dominguez v. Garcia, Tex.Com.App., 53 S.W.2d 459; Harvey v. Crockett Drilling Co., Tex.Civ. App., 242 S.W.2d 952.

■ Special Issue No. Fourteen was submitted by the trial court over appellant's objection and is as follows: "Do you find, * * *, that the defendant in the latter part of June, 1953, or thereafter agreed to accept the 99 Wheatland Oliver Tractor the two Oliver Wheat Drills and weed sprayer in the condition they were in then?" The jury answered the above issue "Yes". The issue raised by appellant's fifth point is whether the pleadings and evidence support the submission of the above issue and the answer of the jury thereto. The evidence on this issue reveals that the parties agreed to an extension of the due date of the promissory note to November 1, 1953—as pointed out hereinabove. The evidence further reveals that the parties in their original agreement stipulated that the machinery in issue was to be delivered in merchantable and salable condition. The appellant did agree on July 1, 1953 to accept the machinery in merchantable and salable condition as of that date although the original agreed delivery date was February 20, 1953. But, there is no evidence that the appellant agreed to accept the machinery thereafter in the condition it was then in. The undisputed record reveals that the tractor in issue was finally towed to appellant's place of business, apparently prior to November 1, but, "the hose from the butane regulator was eaten in two." and the battery "looked as if it had been broken." The materiality of such facts in relation to an issue of substantial compliance with the contract is not before this Court. There is no evidence in the record that the appellant agreed to accept the machinery in the condition it was then in. Nor is there any pleading in the record to support such issue. It was error to submit the same under the record and appellant's fifth point is sustained under the authorities cited hereinabove.

■ The issue in the cause is concerned with appellant's liability or nonliability to appellee on the promissory note as executed by appellant in payment for the farm machinery. The value of the machinery is not a material issue under the present record. Other issues on appeal, such as whether the note was given partly as a consideration for the lease of the farm land, are not material to a disposition of the cause. The evidence reveals without dispute that the note was given for the farm machinery. The principle governing the substantial issue between the parties is stated in 77 C.J.S., Sales, § 183 a and d, pp. 920, 921 and 922:

"There must be a substantial compliance with the agreement of the parties as to the quality or condition of the goods sold, and if there is a material departure from the requirement of the contract the buyer is not bound to accept the goods."

The cause has not been fully developed under the principles outlined in the above citation of authority.

The judgment of the trial court is reversed and the cause is remanded.