RAY HENDRICKS V. GEORGE H. MOORE

No. A-5947. Decided January 9, 1957.
Rehearing overruled February 13, 1957.
(297 S.W. 2d Series 811).

*Richards & Richards* and *Robert C. Ferguson,* all of Dalhart, for petitioner.

The Court of Civil Appeals erred in reversing the judgment of the trial court and remanding the cause to that court because the uncontroverted evidence showed delivery of the machinery

in the latter part of June and hence a substantial compliance with the contract. Allison Ranch Co. v. Angelo Auto Electric, 145 S.W. 2d 645, writ of error dismissed; Chastain v. Gilbert, 145 S.W. 2d 938, no writ history; Wright & Clark v. Davenport, 44 Texas 164.

*King Fike,* of Dalhart, for respondent.

In reply respondent cited Scott & Mayhall v. Lubbock Grain & Coal Co., 113 Texas 127, 252 S.W. 164; Cleveland v. Williams, 29 Texas 204; Edmiston v. Texas & N. O. R. R. Co., 135 Texas 67, 138 S.W. 2d 526.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This is a suit filed by petitioner as plaintiff in the trial court against respondent as defendant upon a promissory note in the sum of $2,875.00, dated January 20, 1953, due July 1, 1953 and bearing interest at the rate of 6% per annum and providing for an attorney's fee if default was made in the payment of the note when due. Defendant answered that the note was given in part payment for certain farm machinery sold by plaintiff to defendant on January 20, 1953 and that as a part of such purchase and sale contract, plaintiff was obligated to deliver the farm machinery to defendant at defendant's place of business in Dalhart, Texas. It was alleged that the machinery was to be delivered assembled and in merchantable and saleable condition; and that plaintiff had never complied with his contract and therefore could not recover anything from defendant.

The facts show that on January 20, 1953 the plaintiff had sold certain farm machinery to defendant for a total sale price of $5,750.00, at one-half cash down and the balance in the note sued upon. Facts show that plaintiff also leased defendant 960 acres of land and that in order to get the lease on the land it was necessary for defendant to buy the farm machinery. The note sued upon was originally due July 1, 1953. By that date plaintiff had delivered and defendant had accepted all of the farm machinery except one Oliver wheatland tractor, two wheat drills and a Farquhar weed sprayer. The wheat drills had been delivered to defendant, but he alleged he had not accepted delivery. On July 1, 1953, the note was renewed so as to become due on November 1, 1953. All parties are agreed that failure to deliver prior to July 1, 1953 was waived. Defendant states in his supplemental brief filed in this Court that no appeal was taken from the court's judgment as regarded the weed sprayer, so that passes out of the case.

The trial court submitted the case to the jury on fourteen special issues. Special Issue No. One inquired if the defendant waived "completely assembled delivery" of the three pieces of farm machinery in question on or about July 1, 1953. The jury answered that the defendant did waive such delivery. Special Issue No. Three asked if the note sued upon was given for the consideration of plaintiff leasing his 960 acres to defendant for two years and for the farm machinery sold to defendant. The jury answered affirmatively to such issue. In answers to Special Issues Nos. Four and Five, the jury found that 3 plus percent of the machinery sold and delivered to defendant was not in a merchantable and saleable condition on or about July 1, 1953, and that the value of such 3 plus percent was $179.50. Special Issue No. Fourteen was answered by the jury that in the latter part of June, 1953, the defendant agreed to accept the Oliver tractor, the two wheat drills, and the weed sprayer in the condition they were then in. Other issues were submitted to and answered by the jury as to the contract price of the three items defendant originally claimed were not delivered to, or accepted by him; also as to the market value of these three items at the time of their delivery. To these issus the answers of the jury are to the effect that the market value of these three items exceeded the contract price by a total of some $850.00. These last answers of the jury were in accordance with the testimony of the defendant as to the values of these three items.

The trial court rendered judgment on the jury's verdict for the plaintiff for the principal, interest and attorneys' fees, plus $216 pasturage withheld by defendant, and credited $52.75 for windmill repairs paid for by defendant. Upon appeal, the Court of Civil Appeals reversed and remanded the judgment of the trial court upon the ground that there was no pleading nor evidence to support the submission of Special Issue No. One; and that there was no evidence to support the submission of Special Issue No. Fourteen. 290 S.W. 2d 758.

■ Defendant admitted he had some $216.00 belonging to plaintiff, and sought to offset this by credits for expenditures defendant had made that were chargeable to plaintiff. The evidence shows conclusively that defendant accepted the 960 acres and farmed the same for two years for which it was rented to him; that he accepted four of the six items of farm machinery sold to him as a part of the land rent contract; that none of the machinery was worthless. The defendant cannot rescind the contract of sale by a return of part of the machinery and have a cancellation of his note. He is relegated to his damages suf-

fered because the two items now in dispute were not completely assembled. Massey-Harris Co. v. Bernard, Texas Civ. App., 1935, 84 S.W. 2d 1091, dism. w.o.j.; 37 Texas Jur. 527, Sec. 240.

 This suit has resolved itself into one in which defendant seeks to avoid the payment of his note on the grounds of failure of consideration. In his amended motion for new trial, filed in the trial court, defendant, said, "in this connection defendant would show that it was admitted that the note sued upon by the plaintiff was executed by the defendant, and that same was a valid obligation, and that plaintiff was entitled to recover, except as such obligation might be defeated by (1) failure of consideration," and (2) and (3) pleading certain offsets. The measure of damages which defendant is entitled to recover in a suit of partial failure of consideration, such as we have in the present case, is the difference in market value of the machinery in the condition in which it was delivered and the market value of the machinery had it been delivered in the condition it should have been according to the contract between the parties. Wright & Clark v. Davenport, 44 Texas 164 (1875); Ash v. Beck, Texas Civ. App., 1902, 68 S.W. 53, no writ history; Fetzer v. Haralson, Texas Citv App., 1912, 147 S.W. 290, wr. den.; Allison Ranch Co. v. Angelo Auto Electric, Inc., Texas Civ. App., 1940, 145 S.W. 2d 645, dism. w.o.j.; 37 Texas Jur. 579. In the case at bar the jury found that 3 plus percent of the machinery purchased by defendant was not in merchantable and saleable condition at the time it was delivered. The jury also found this amounted to the sum of $179.50 in value. There is evidence to support such findings. This amount should have been credited on the note given by defendant. The law and facts entitled plaintiff to recover as we have set out above. We do not find it necessary to express an opinion on the holding of the Court of Civil Appeals, and do not pass on that feature of the case.

Judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is modified so as to allow the defendant credit for the sum of $179.50 on the judgment rendered against him. As modified the judgment of the trial court is affirmed.

Associate Justice Norvell not sitting.

Opinion delivered January 9, 1957.

Rehearing overruled February 13, 1957.