Doyle LONDON, Appellant,

v.

C. L. CURLEE, Appellee.

No. 13624.

Court of Civil Appeals of Texas.

San Antonio.

June 15, 1960.

James L. Lattimore, Joe J. Alsup, Corpus Christi, for appellant.

Ward & Brown, Corpus Christi, W. B. Moss, Sinton, for appellee.

POPE, Justice.

Plaintiff, Doyle London, sued C. L. Curlee for the enforcement of a warranty Curlee made on fertilizer he sold plaintiff. The case was tried before the court and after judgment for defendant the court made findings of all material facts against the plaintiff. Plaintiff urges that the undisputed evidence supports his contention that defendant warranted that the difference between the value of production on cotton and grain grown on the fertilized ground would be sufficient to pay all costs of the fertilizer and that the plaintiff complied with the contract. The increased production on the fertilized land fell short of the cost of the fertilizer by several thousand dollars, for which plaintiff sought recovery. Curlee's defense was that plaintiff failed to comply with several express conditions precedent to a recovery contained in the written warranty.[1]

1. "Second Party agrees that he will cultivate a measured portion of said farm (at least one acre) without the use of any fertilizer, said portion to be used as the basis for determining the additional productivity resulting from the use of said fertilizer; such unfertilized acreage must produce as much as one-half (½) bale of cotton per acre and as much as three-fourths (¾) ton of maize per acre.

"Third. Second Party agrees that he will strictly follow the directions for early Season Control, and also the late Sea-

The trial court found as facts, among other matters, that plaintiff failed to comply with conditions precedent in that he did not cultivate a measured acre of maize and of cotton as comparison sites to show the difference between production on the fertilized and unfertilized land, he did not strictly follow directions for early season nor for late season control in that he did not make three applications of Toxaphene and Parathion for pest control, and that he failed to give defendant written notice two weeks before harvest began, which notice defendant did not waive.

In our opinion the evidence was not undisputed in his favor, as plaintiff contends. He cultivated a total of 283 acres of cotton and 91 acres of maize. He was obligated to cultivate one acre of each without the use of fertilizer, as a comparison area. Plaintiff, by his own testimony, cultivated only one one-hundredth acre of unfertilized area of grain, and a similar area of cotton. Also, the effect of the comparison test with respect to cotton was lost when plaintiff's employees knocked down and destroyed the stakes identifying the cotton test area. A comparison between the fertilized area and the unfertilized area was lost on the second picking. The contract expressly obligated plaintiff to cultivate a full acre for each crop. Plaintiff testified that he did all things required by way of crop control, but he also testified that he applied Toxaphene and DDT to his crop only two times. The contract obligated him to apply Toxaphene and Parathion three times. The court's findings resolved these fact matters, upon the basis of evidence in the record, against the plaintiff.

In Fetzer v. Haralson, 147 S.W. 290, 294, Mr. Justice Moursund, speaking for this Court, stated: "A compliance with the conditions of a warranty must be shown before recovery can be had thereon." Accord, Adams v. Crittenden, Tex.Civ.App., 191 S.W. 833; 77 C.J.S. Sales § 337. The findings that plaintiff failed to comply with these express conditions precedent defeat his right to recovery.

There are other conditions contained in the contract, such as the one requiring plaintiff to give written notice. On this plaintiff does not rely upon compliance, but upon waiver. Plaintiff made a much stronger showing on this issue, but whether the seller did or did not waive this requirement does not control the case. A waiver of that condition did not excuse compliance with the others. Dugan v. Trout, Mo.App., 271 S.W.2d 593, 599. The judgment is affirmed.

son Control on Cotton as set forth in 1958 Texas Guide for controlling Cotton insects L–218 which said Guide is herein referred to, and all parts thereof which are applicable to this contract is hereby made a part hereof.

"Fourth. Party of the Second Part agrees that he will cultivate the fertilized portion of said farm in the same manner, and at the same time as that portion which is unfertilized; that he will use the same substance, and in the same manner for pest control for each part of said farm and will exercise the same care in the harvesting of the crops to be grown on each portion of the farm; that he will use three applications one week apart of Toxaphene with one quart, added thereto one-half pint of Parathion per acre of cotton for aphid control, same to be used on the cotton grown on each portion of the farm.

"Fifth. Party of the Second Part further agrees that he will follow the late season control program as contained in the hereinabove mentioned document."