**TEXAS CONSTRUCTION RENTALS, INC.,**
Appellant,

v.

**Gerard A. HARRISON, Appellee.**

**No. 4563.**

Court of Civil Appeals of Texas.

Waco.

Dec. 29, 1966.

Rehearing Denied Jan. 19, 1967.

Hutcheson, Taliaferro & Hutcheson, J. Philip Wandel, William G. Wilson, Houston, for appellant.

Fred W. Moore, Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Texas Construction, from a judgment for plaintiff Harrison, in a suit for breach of an express warranty of a Caterpillar tractor, sold by defendant to plaintiff.

Plaintiff sued defendant alleging that defendant entered into an agreement orally and in writing with plaintiff, to sell plaintiff a used D8 Caterpillar tractor (plus equipment) for $16,000; that such agreement set out certain repairs defendant was to make to the tractor, and warranted the tractor would be in "excellent operating condition"; that plaintiff believed and relied on defendant's warranty which induced plaintiff to purchase the tractor; that plaintiff informed defendant he was purchasing the tractor to clear a certain 1200 acre tract of land prior to a date upon which plaintiff was obligated to clear same; that the tractor was not delivered in excellent operating condition; that plaintiff had to make some $9,104 repairs to the tractor; and rent another tractor for $1800 to work during such period of repair; that the tractor as delivered was worth only $4,000. Plaintiff prayed for damages in the amount of repairs and rental; and alternatively for the difference in the value of the trac-

tor as delivered and the purchase price, plus the rental of the other tractor.

Trial was to a jury which found:

1) The tractor was not in excellent condition at the time it was delivered.

2) The reasonable cost of repairs necessary to place the tractor in excellent operating condition was $8,000.

3) The reasonable market value of the tractor as delivered was $10,000.

4) The reasonable rental value of the tractor rented to work while the purchased tractor was being repaired was $1260.

5) Selmer A. Larson did not accept delivery of the tractor.

The trial court overruled plaintiff's and defendant's motions for instructed verdict; overruled plaintiff's motion for judgment for the costs of repairs; and entered judgment for plaintiff for $7260 (difference in price and value of the tractor, plus the reasonable rental value of the rented tractor).

Defendant appeals on 11 points, contending:

1) The trial court erred in overruling defendant's motion for instructed verdict, in that plaintiff failed to prove the reasonable market value of the tractor as delivered was less than $16,000.

2) The jury findings do not support a judgment for plaintiff.

3) Issue 4 should not have been submitted; and the finding is grossly excessive.

4) The finding of the jury in Issue 8 is against the overwhelming weight and preponderance of the evidence.

5) Plaintiff's counsel made improper jury argument which requires reversal.

Plaintiff, by cross points, asserts he was entitled to judgment for $9260, (the cost of repairs plus the cost of additional tractor rental) instead of the $7260 awarded by the trial court.

Plaintiff purchased a used timber moving D8 Caterpillar tractor from defendant for $16,000. Defendant orally and in writing agreed to make certain repairs to the tractor "to put this machine in excellent operating condition." Some repairs were made and defendant delivered the tractor to plaintiff. After some 90 hours of work the tractor broke down. Plaintiff notified defendant and defendant offered to make some repairs which were not satisfactory with plaintiff. Plaintiff had $9104 repairs made to the tractor; and rented another tractor to do work clearing timber while the purchased tractor was being repaired.

■ Defendant's first contention is that the trial court erred in overruling its motion for instructed verdict, in that plaintiff failed to prove the value of the tractor was less than $16,000. After the trial court overruled defendant's motion, defendant elected not to stand on such motion, but proceeded with the introduction of his evidence. In such situation defendant waives his motion, and if thereafter as here, the evidence from all sources is sufficient, the defendant cannot contend the trial court should have sustained his motion. Citizens' Mut. Life Ins. Ass'n v. Miles, CCA (nwh), 77 S.W.2d 717.

■ Defendant's second contention is that the jury findings do not support a judgment for plaintiff. Defendant asserts there is no finding that plaintiff relied on the warranty, and absent such finding there can be no judgment for plaintiff. The evidence is undisputed that plaintiff relied on defendant's oral and written agreement to put the machine in "excellent operating condition"; no issue and finding thereon was necessary.

■ Defendant's third contention is that Issue 4 should not have been submitted; and that the finding is excessive. Plaintiff told defendant he had borrowed

the money to buy the land and had a commitment from an insurance to loan him the money when he cleared the land, and that the land had to be cleared by December 31st, and that such was his reason for purchasing the tractor. Reasonable rental cost of another tractor was a proper element of damage. Webb-North Motor Co. v. Ross, CCA, Er. Dis., 42 S.W.2d 1086; The Kansas City Ry. Co. v. Frederick, CCA (nre), 276 S.W.2d 332; Craftsman Glass, Inc. v. Cathey, CCA (nwh), 351 S.W.2d 950.

 The evidence is that $20 per hour is the usual reasonable rental for such a tractor. Plaintiff used the tractor for some 35 days; and there is evidence such a tractor would rent for $1800. The finding is not excessive.

Defendant's fourth contention is the finding in answer to Issue 5 is against the weight and preponderance of the evidence. Selmer Larson was a friend of plaintiff and delivered the check to defendant for the tractor. While we think there is ample evidence to sustain the finding, it makes no difference whether Larson accepted the tractor. Plaintiff relies on the breach of an express written warranty.

Finally, defendant complains plaintiff's counsel guilty of improper jury argument in two instances. The trial court in both instances instructed the jury to disregard the complained of argument. We think the matter complained of, if error, harmless. Rule 434, Texas Rules of Civil Procedure.

Plaintiff by cross points complains that he was entitled to the cost of repairs as his measure of damages.

We think the measure of damages plaintiff entitled to recover, is the difference in the market value of the tractor in the condition in which it was delivered, and its market value had it been delivered in the condition it should have been according to the contract of the parties (here the contract price). Wright & Clark v. Davenport, Sup.Ct., 44 Tex. 164; Stark v. Alford, Sup.Ct., 49 Tex. 260; McCown v. Jennings, CCA (nwh) 209 S.W.2d 408; Hendricks v. Moore, 156 Tex. 570, 297 S.W.2d 811.

Plaintiff's cross points are overruled. Defendant's points and contentions are overruled.

The judgment is correct.

Affirmed.