**PROCESSTEEL, INC., Plaintiff-Appellant,**

**v.**

**MOSLEY MACHINERY COMPANY, Inc., Defendant-Appellee.**

**No. 19551.**

United States Court of Appeals, Sixth Circuit.

Feb. 5, 1970.

Stuart A. Handmaker, Louisville, Ky. (Kenneth S. Handmaker, Louisville, Ky., on the brief), for appellant. Handmaker, Weber & Meyer, Louisville, Ky., of counsel.

Thomas C. Carroll, Louisville, Ky. (Leonard L. Gorin, Waco, Tex., Thomas C. Carroll, Louisville, Ky., on the brief), for appellee.

Before WEICK, Circuit Judge, O'SULLIVAN, Senior Circuit Judge, and WEINMAN, District Judge sitting by designation.

O'SULLIVAN, Senior Circuit Judge.

Plaintiff, Processteel, Inc., appeals from a judgment entered in the District Court for the Western District of Kentucky at Louisville, ordering that Processteel recover nothing by its action against appellee, Mosley Machinery Company, Inc. The suit was brought as a diversity action for an alleged breach of contract and its express warranties. The substantive law of Texas applies by the terms of the contract. The case was tried to the District Judge who filed Findings of Fact and Conclusions of Law in support of the judgment entered.

After negotiations, Processteel, a Kentucky corporation, purchased a scrap metal processing machine from Mosley Machinery, a Texas corporation, which had manufactured such machines for many years. The machine purchased, and described in the contract, was a "Snippy"—a huge device which bites and tears the bodies of junked automobiles which, *minus frames and heavy sections,* are pushed through the device. Its purpose was to produce saleable scrap metal. The contract specifically excluded any implied warranties, and its express warranty was limited to the replacement of any defective parts for 90 days and excluded any loss of profits resulting from down time of the Snippy. Processteel paid $50,000 for the Snippy, which was delivered to Processteel in Louisville about January 26, 1967.

The machine was set up ready for operation on Processteel premises on February 27, 1967. There is clear evidence that within a short time thereafter Processteel began the experiment of putting into the machine auto bodies with frames attached. This was a violation of express warnings against such use and the terms of the sale proposal. While there is dispute as to when such practice began as a regular operation, it did in all events begin in May of 1967, and continued as a regular practice until the machine ceased to operate in April of 1968. At that time, the machine jammed when an automobile with frames and heavy sections attached was inserted. This automobile remained caught in the machine when it was abandoned.

The evidence disclosed misuse by Processteel of the Snippy machine during the time it was in operation: 1) in processing of bodies with heavy frames and sections attached, in violation of the contract; 2) in failing to provide the Snippy with adequate maintenance and care; 3) in failing to erect an adequate foundation for the Snippy; and 4) in attempting to transform the Snippy from a bite and tear machine into the more expensive type machine that simply shears off pieces of junk steel like scissors. Such were the findings of fact by the District Judge. Such findings are binding on us unless we can say that they are clearly erroneous. Rule 52(a) Fed.R. Civ.P. We cannot do so in view of the ample evidence supporting such findings.

Applicable Texas law establishes that there is not total failure of consideration, if machinery is sold for a particu-

lar purpose, unless it will perform none of the functions for which it was purchased. Such law also provides that if the buyer has made any use of the machinery, he may not contend that there has been a *total* failure of consideration. Allison Ranch Co. v. Angelo Auto Electric, 145 S.W.2d 645, 648 (Tex.Civ.App., 1940). The District Judge found that the Snippy, when delivered, was capable of satisfactorily processing whole automobile bodies without frames and heavy sections, and did so perform when properly used. This was what the machine was designed and warranted to do.

It is equally clear under Texas law that the measure of damages for partial failure of consideration is the difference between the market value of the machine in the condition in which it was delivered and the market value of the machine had it been delivered in the condition it should have been, according to the contract of the parties, that is, the contract price. Texas Construction Rentals, Inc. v. Harrison, 410 S.W.2d 482, 485 (Tex.1967); Hendricks v. Moore, 156 Tex. 570, 297 S.W.2d 811, 813 (Tex.1957). Although the Snippy, as delivered, may have varied in a few insignificant ways from the specifications of the contract, the evidence is uncontroverted that the Snippy, as delivered, was worth $50,000, the contract price. The District Judge found that the Snippy, as delivered, was equal in value to the purchase price paid by Processteel. This finding of fact is not clearly erroneous. Furthermore, Processteel cannot recover where, as here, the Snippy was misused, modified, and operated by Processteel in a manner contrary to the terms of the contract. London v. Curlee, 336 S.W.2d 836, 837 (Tex.1960).

We need not consider appellant's claim that the District Judge erred in relying on an admission by the President of Processteel, contained in a deposition which was not offered in evidence. The admission related to the time when Processteel began its attempt to process automobiles with the frames attached. There was ample evidence to support the District Judge's finding that for a long period of time frames were being put through the Snippy. The deposition's admission was not necessary to this basic finding. We do not, however, approve a practice of using parts of a deposition never offered in evidence. Neither need we discuss the appellant's complaint that the District Judge's conclusions were, in part, the result of his inspection of the discarded machine after it had been abandoned for a period of months. Such inspection was made with the consent of Processteel's attorney. The District Judge stated that what he observed was corroborative of the misuse of the machine. The misuse of the machine by Processteel was amply demonstrated by the proofs, independently of the judge's inspection of the abandoned machine. We do not, however, approve a fact finder using visual inspection of an abandoned machine in the place of testimony to resolve factual issues such as were here involved. But we are satisfied that the judge's inspection of the abandoned machine had no effect upon the substantial rights of appellant. Rule 61 Fed.R.Civ.P.

The judgment of the District Court is affirmed.