881 F.2d 1076
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lewis JOHNSON, Plaintiff,
Edward Ancrum, Plaintiff-Appellant,
v.
ROCKWELL INTERNATIONAL CORPORATION, Defendant-Appellee.
 Nos. 88-3979, 88-3980.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1989.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App. P. 34(a).
 
 
 2
 Edward Ancrum moves for a free transcript and seeks to proceed in forma pauperis in his appeals from the district court's judgment entered on a jury's verdict for the defendants in this Title VII racial discrimination suit.
 
 
 3
 Seeking declaratory, injunctive and monetary damages for alleged racial discrimination, Ancrum brought suit against the defendants alleging that: (1) he was denied an equal opportunity for a promotion because less qualified white co-workers were promoted over him; (2) he was subjected to retaliatory discrimination after he filed his discrimination claims; and (3) Rockwell created or condoned a work environment which was racially hostile to blacks.
 
 
 4
 After an extensive trial, the jury returned a verdict for defendants, following which the trial judge issued detailed findings of fact. Ancrum filed a timely appeal from the district court's judgment. Subsequently, Ancrum sought leave to appeal in forma pauperis and moved for the preparation of a transcript at government expense pursuant to 28 U.S.C. Sec. 753(f). The district court denied Ancrum's motion, finding that the issues on appeal were insubstantial and that it could not certify that the appeal was taken in good faith.
 
 
 5
 On appeal Ancrum argues: (1) he has been denied employment because Rockwell had him blacklisted or blackballed after he brought suit; (2) the district court's finding that he was less qualified than Leo Hook and Lyle Thompson was erroneous; (3) the district court ignored claims that Rockwell changed the dates on government documents and falsified records; (4) the district court improperly excluded the deposition of Crystal Foster, one of Ancrum's witnesses; (5) the jury could not have properly analyzed the evidence because they deliberated for less than one hour; (6) the jury instructions were prejudicial, lengthy and confusing; and (7) the trial judge exhibited prejudice by not allowing him to review the evidence. Ancrum further expressly seeks the production of a transcript at government expense and, thus, by implication seeks to proceed in forma pauperis.
 
 
 6
 Subsequent to the filing of these appeals, Ancrum filed a motion to overturn the district court's decision with this court.
 
 
 7
 Upon review, we conclude that the district court's judgment should be affirmed because a review of the available record, in light of Ancrum's' vague and conclusory allegations of error, shows that his appeal fails to present a substantial question. See Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir.1985), cert. denied, 471 U.S. 1126 (1985); Rhodes v. Corps of Engineers of U.S. Army, 589 F.2d 358, 359-60 (8th Cir.1978) (per curiam).
 
 
 8
 Further, the motions for in forma pauperis status and for a free transcript must be denied because Ancrum has not demonstrated that the district judge's refusal to certify that the appeal was made in good faith, was not itself warrantless or made without good faith. Maloney v. E.I. Dupont de Nemours & Co., 396 F.2d 939, 940 (D.C.Cir.1967) (per curiam), cert. denied, 396 U.S. 1030 (1970).
 
 
 9
 Two of the issues raised by Ancrum--(1) that Rockwell blacklisted or blackballed him in order to prevent him from gaining employment at other aircraft manufacturers and (2) that Rockwell changed the dates on government documents and falsified records, were never raised before the district court and, therefore, are not properly before this court on appeal. Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 10
 Ancrum's assertion that the jury improperly analyzed the evidence because they deliberated less that an hour is meritless. The short deliberations may show that Ancrum's case was weak rather than indicating improper jury action.
 
 
 11
 Ancrum's assertion that the trial judge exhibited prejudice by refusing to allow him to review the evidence is meritless because an indigent has no right to a free transcript merely to search the record for some flaw. United States v. Glass. 317 F.2d 200, 202 (4th Cir.1963).
 
 
 12
 Ancrum's assertion that the district court improperly excluded the deposition of one of his witnesses, Crystal Foster, lacks merit. Ms. Foster testified at trial as one of Ancrum's witnesses and her deposition was excluded pursuant to Fed.R.Civ. P. 32. Deposition testimony should only be used when a witness is unavailable to testify in person. Salsman v. Witt, 466 F.2d 76, 79 (10th Cir.1972). Further, the handling of a deposition is discretionary with the trial court and the exclusion of a deposition will only be reversed where it can be reasonably shown, based upon all the evidence, that the exclusion precluded a fair trial. Sims Consol., Ltd. v. Irrigation & Power Equip., Inc., 518 F.2d 413, 418 (10th Cir.1975), cert. denied, 423 U.S. 913 (1975). Under the circumstances of this case, Ancrum has failed to show that the exclusion of Ms. Foster's deposition testimony precluded a fair trial.
 
 
 13
 Ancrum's assertions that the jury instructions were prejudicial, lengthy, and confusing do not raise a substantial question. Ancrum's arguments are vague and conclusory, as he has not identified even a single instance of claimed error. Moreover, Ancrum has responded to Appellees' argument that no objections were made to the jury instruction at trial in a manner which admits these allegations. Thus, in the absence of objections at trial to the alleged erroneous jury instructions and in the absence of any specific allegations of error, we conclude that Ancrum's challenge to the jury instructions must be rejected. See Young v. Langley, 793 F.2d 792, 795 (6th Cir.1986), cert. denied, 479 U.S. 950 (1986).
 
 
 14
 Ancrum's assertions that the district court erred in finding that he was less qualified than Leo Hook and Lyle Thompson also do not raise a substantial question. This court may not reverse the decision in a Title VII case unless the district court committed clear error. Wrenn v. Gould, 808 F.2d 493, 499 (6th Cir.1987), cert. denied, 108 S.Ct. 1032 (1988). Further the district court's credibility determinations are accorded even greater deference in a Title VII case, and absent extrinsic evidence no clear error can be found. Upon review of the record, in light of Ancrum's assertion of error, we find nothing to convince us that the district court committed clear error in the findings.
 
 
 15
 Finally, Ancrum made several arguments before the district court concerning the creation or condoning of a racially hostile work environment by Rockwell. The district court resolved all of the issues against Ancrum and, on appeal he has not challenged the district court's findings with regard to these allegations.
 
 
 16
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. Further, Ancrum's motions for in forma pauperis status, for a free transcript, and any other pending motions filed by Ancrum are hereby denied.