Agristar v. BWI Companies 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00225-CV







Agristar, Inc., Appellant



v.



BWI Companies, Inc., Appellee







FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT


NO. 94V-265, HONORABLE DAN R. BECK, JUDGE PRESIDING






 Appellee, BWI Companies, Inc. ("BWI") sued appellant, Agristar, Inc.
("Agristar"), for payments due under a sworn account for various purchases of commercial
agricultural supplies. When Agristar failed to answer, a default judgment was rendered against
it for the balance of the account plus interest, attorney's fees, and court costs. On appeal,
Agristar contends that the trial court erred in failing to grant its motion for new trial. The
dispositive issue on appeal is whether the acts of Agristar's former attorney will be imputed to
Agristar. We will reverse the trial court's judgment and remand the cause for further
proceedings.


FACTUAL AND PROCEDURAL BACKGROUND


 Since 1991, Agristar has purchased agricultural supplies from BWI for use in
growing potatoes to supply potato chip manufacturers. As a result of an alleged contamination
of the soil mix purchased from BWI in 1993, Agristar experienced a lower crop yield, which
resulted in a substantial loss to its business. After several failed attempts to negotiate the dispute,
BWI brought this suit to collect the outstanding balance of $36,743.13. Agristar's registered
agent, CT Corporation System, received the citation on November 16, 1994 and forwarded the
documents to John Peterson in accordance with Agristar's earlier instructions. Peterson had
previously been employed by Agristar as its corporate counsel, but had left the firm in March
1993. Agristar, however, had failed to update CT Corporation's instructions after Peterson's
departure. Because the suit papers were forwarded to Peterson, Agristar did not receive notice
of the suit and did not file an answer. After the trial court rendered a default judgment, Agristar
filed a motion for new trial, which was overruled by operation of law.


DISCUSSION


 In a single point of error, Agristar asserts that the trial court erred in failing to
grant its motion for new trial. The standards for granting a new trial in an appeal from a default
judgment are well established: (1) The appellant has the burden of proving that the failure to
answer before judgment was unintentional and not the result of conscious indifference, but rather
due to mistake or accident; (2) The motion for new trial must allege facts which in law constitute
a meritorious defense; and (3) The granting of a new trial must not unduly delay or cause
unnecessary injury to the appellee. Craddock v. Sunshine Bus Lines, 133 S.W.2d 124, 126 (Tex.
1939). The function of the court is not to deprive litigants of the right to trial by jury where the
requirements of Craddock have been met. Accordingly, "where factual allegations in a movant's
affidavits are uncontroverted, it is sufficient that the motion for new trial and accompanying
affidavits set forth facts which if true would satisfy the test." Holt Atherton Indus., Inc. v. Heine,
835 S.W.2d 80, 82 (Tex. 1992).

 The trial court signed the default judgment on December 21, 1994. Agristar filed
its original motion for new trial on January 20, 1995 and an amended motion on February 17. 
Rule 329b of the Texas Rules of Civil Procedure states that "one or more amended motions for
new trial may be filed without leave of court before any preceding motion for new trial filed by
the movant is overruled and within thirty days after the judgment or other order complained of
is signed." Tex. R. Civ. P. 329b. Thus, the rule requires the original and subsequent amended
motions for new trial to be filed within thirty days after final judgment unless otherwise expressly
permitted by the court. Because Agristar's amended motion for new trial was filed without leave
of the court more than thirty days after the judgment was signed, we will confine our review to
the denial of the original motion and accompanying affidavits. (1)



Conscious Indifference

 In Director, State Employees Workers' Compensation Division v. Evans, 889
S.W.2d 266, 268-69 (Tex. 1994), the court held that a defendant satisfies his burden under the
first element of Craddock by asserting uncontroverted facts that, if true, negate intentional or
conscious indifference toward the proceeding. BWI argues that Agristar did not satisfy this
burden because Agristar's failure to answer was the result of intentional actions by the
corporation's agents. An agent's conscious indifference will be attributed to the movant where
the movant specifically relied on the agent to answer the complaint. Holt Atherton, 835 S.W.2d
at 83; Jackson v. Mares, 802 S.W.2d 48, 50 (Tex. App.Corpus Christi 1990, writ denied)
(movant required to show proof of agent's good faith where duty to answer was delegated to
agent); Cornerstone Alternatives, Inc. v. Patterson Oldsmobile-GMC-Toyota, Inc., 696 S.W.2d
702, 703 (Tex. App.Fort Worth 1985, no writ) ("When a party relies on its agent or
representative to secure filing of answer, there must be showing that the failure to file was not
intentional or result of indifference of either the party or his representative."). As a preliminary
requirement in addressing the movant's responsibility for a third party's action, the movant's
excuse for failing to answer must specifically entail reliance on a third-party agent to file an
answer. The present case does not involve such reliance.

 CT Corporation was responsible only for receiving service of process and
forwarding the suit papers to the person named by Agristar. It was not CT Corporation's duty
to see that an answer was filed. Agristar had previously instructed CT Corporation to forward
suit papers to Peterson. At the time of his receipt of the documents in this case, however,
Peterson was no longer Agristar's agent. Therefore we need not consider BWI's contention that
Agristar either relied upon Peterson to answer the complaint or retained him for the limited
purpose of receiving notice and process from CT Corporation. Agristar's comptroller plainly
states in his affidavit that Peterson was released two years before his receipt of notice from CT
Corporation and was not, at that time, retained in any capacity by Agristar. Since the
requirements of agency and reliance are not both present, Agristar did not need to produce proof
to negate any conscious indifference that might be attributable to Peterson.

 Alternatively, BWI contends that CT Corporation's notice of the proceeding
amounted to actual notice to Agristar. By implication, BWI argues that CT Corporation was
required to inform Agristar directly as to the proceedings under its duty as registered agent for
service of process. This argument relies on the following provision of the Texas Business
Corporation Act: "The president and all vice presidents of the corporation and the registered
agent of the corporation shall be agents of such corporation upon whom any process, notice, or
demand required or permitted by law to be served upon the corporation may be served." Tex.
Bus. Corp. Act Ann. art. 2.11(A) (West 1980). The purpose of this statute is merely to explain
the manner by which service may be made on a domestic corporation. It does not, as BWI
suggests, create an implied duty for CT Corporation to act beyond the scope of its authority. 
Agristar relied upon CT Corporation to do nothing more than forward notice and suit papers to
the recipient designated by Agristar. CT Corporation performed this limited function in
accordance with Agristar's instructions. In light of that, and because Agristar did not rely on CT
Corporation to file an answer or to notify the firm other than by following the stated instructions,
Agristar did not need to produce proof to negate any conscious indifference that might be
attributable to CT Corporation. In the absence of an agency relationship and specific reliance,
we will not impute to the defaulting party a third party's conscious indifference.

 With respect to the failure of Agristar itself to update its instructions to CT
Corporation, we believe Agristar's evidence adequately demonstrated that this mistake was not
the result of conscious indifference. See Harold-Elliot Co. v. K.P./Miller Realty, 853 S.W.2d
752, 756 (Tex. App.Houston [1st Dist.] 1993, no writ) (failure to provide secretary of state with
change of address of registered agent was not conscious indifference).


Meritorious Defense

 Under Craddock, the movant is required to "set up a meritorious defense." As
explained by the supreme court in Ivy v. Carrell, 407 S.W.2d 212, 214 (Tex. 1966), when a
defaulting defendant in its motion for new trial has set forth a meritorious defense supported by
affidavits or other evidence, a new trial should not be denied upon any consideration of counter-affidavits or contradictory testimony offered in resistance to the motion. Thus, the movant is
required to set forth facts which constitute a meritorious defense, but is not burdened with the
further requirement of convincing a trier of fact of this defense.

 Agristar produced evidence that it incurred losses as a result of defective materials
purchased from BWI and that such losses would offset some or all of the balance due on the sworn
account. If this allegation is true, Agristar would have at least the defenses of failure or partial
failure of consideration. See Hendricks v. Moore, 297 S.W.2d 811, 813 (Tex. 1957); Aultman
& Taylor Co. v. Hefner, 2 S.W. 861, 863 (Tex. 1886); Allison Ranch Co. v. Angelo Auto Elec.,
145 S.W.2d 645, 648 (Tex. Civ. App.Austin 1940, writ dism'd); M. S. Kaplan Co. V. Wiley,
33 S.W.2d 289, 291 (Tex. Civ. App.Amarillo 1930, writ ref'd).



No Unnecessary Injury to the Appellee

 Finally, Craddock requires the movant to allege that granting a new trial will not
cause unnecessary injury to the plaintiff. Once the affirmation is made, the plaintiff bears the
burden of proof. Director, State Employees Workers' Comp. Div. v. Evans, 889 S.W.2d 266, 270
(Tex. 1994).

 In the present case, Agristar's offer to advance promptly to trial and to compensate
BWI for its expenses adequately negates the issue of delay or injury to BWI.


CONCLUSION


 Because Agristar satisfied the three elements of the Craddock test, we sustain
Agristar's sole point of error. We reverse the trial court's judgment and remand the cause to that
court for further proceedings.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Reversed and Remanded

Filed: January 10, 1996

Do Not Publish
1. Even if we were to consider Agristar's amended motion and the affidavits submitted
in support thereof, the result of this appeal would be the same.



explain
the manner by which service may be made on a domestic corporation. It does not, as BWI
suggests, create an implied duty for CT Corporation to act beyond the scope of its authority. 
Agristar relied upon CT Corporation to do nothing more than forward notice and suit papers to
the recipient designated by Agristar. CT Corporation performed this limited function in
accordance with Agristar's instructions. In light of that, and because Agristar did not rely on