## Necho Coal Company *v.* Denise Coal Company, Appellant.

568

Argued November 21, 1956.  Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*S. L. Goldstein,* with him *Charles J. Margiotti, Vincent M. Casey, Margiotti & Casey,* and *Suto & Schuchert,* for appellant.

*C. John Tillman,* with him *Paul Kern Hirsch,* and *Hirsch & Weise,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, January 7, 1957:

Defendant appeals from entry of judgment for plaintiff on the pleadings upon its motion under Pa. R. C. P. 1034.

As contended by defendant, on such a motion we must accept as true all facts well pleaded and inferences reasonably deducible therefrom; and judgment should be entered only where it is clear that no meritorious legal defense is raised: *Toff v. Vlahakis,* 380 Pa. 512, 514, 112 A. 2d 340.  So considered, the instant

complaint establishes that in March, 1948, defendant purchased a dragline "for an amount in excess of $100,-000.00"; on April 14, 1948, defendant orally contracted to purchase for $30,271.46 "spare parts" to be used in the dragline; the spare parts were received by defendant on April 25, 1948; defendant made partial payments on June 12 and August 11, 1948, totaling $10,-271.46; on August 11, 1948, defendant delivered to plaintiff four promissory notes of $5,000 each, payable respectively on the 15th day of each month, beginning October, 1948, and ending January, 1949. Defendant admits refusal to pay, but denies that the notes were given "for value received." It further alleges that they were given as the balance on the purchase price; that the parts were received, but "were found to be used, obsolete, inadequate and otherwise wholly unsuited"; that these matters were brought to plaintiff's attention by defendant "by telephone shortly after January 26, 1949, . . . and [plaintiff] . . . promised to remedy the situation . . . [but] wholly failed to do."

By its pleadings, defendant raises the defense of failure of consideration. Failure of consideration occurs where the consideration bargained for does not pass, either in whole or in part, to the promisor. This is not the instant case. The pleadings admit receipt of the parts and aver only that they "were obsolete, useless and otherwise unfit to be used." The notes were given in payment of the balance due for the parts admittedly delivered some five months previously.

Obviously defendant must rely on a breach of vendor's warranty as to quality or fitness, rather than failure of consideration, as a defense to the action: Its pleadings seek to establish only that the quality, grade or nature of the parts was not as it should have been. Defendant contends, however, that the Sales Act of

1915, P. L. 543, 69 PS §1 et seq., has no applicability to the instant case. This is based on Section 75 of the Act, which provides: "The provisions of this act . . . do not apply, unless so stated, to any transaction in the form of a contract to sell or a sale which is intended to operate by way of mortgage . . . or other security." The contention is that the notes are "other security." But the provision applies only to the usual situation where collateral, e.g. stock, bonds or notes, is given as security until the purchase price is paid. It does not apply where, as here, the notes are delivered in actual payment for the goods, not as security for payment.

Section 49 of the Sales Act, 69 PS §259, provides that notice of breach of warranty must be given, and that it must be ". . . within a reasonable time after the buyer knows or *ought to know of such breach* . . ." (Italics supplied). Considering the telephone conversation between the parties as notice of breach of warranty, there remains a question whether it was given within a reasonable time after acceptance of the goods or within a reasonable time after defendant "ought to know of such breach."

"What is a reasonable time is a question of fact for the jury; but where the facts are undisputed, and but one inference can be drawn therefrom as to reasonableness, the question becomes one for the court": *Tinius Olsen Testing Machine Co. v. Wolf Co.,* 297 Pa. 153, 157, 158, 146 A. 541. Thus, in the instant case, the question is for the court to determine. The parts, purchased for $30,271.46, were to be used in a dragline purchased for "an amount in excess of $100,000.00." They were delivered on April 25, 1948; approximately one-third of the purchase price for the parts had been paid in June and August, 1948; and on January 26, 1949, for the first time defendant complained of the

quality and usability of the parts. Some nine months elapsed between delivery of the parts and defendant's notice, and five months between delivery of the notes and defendant's notice to plaintiff.

Certainly the condition, quality, or type of the parts could have been determined by the casual inspection of an experienced individual. In any event, we cannot but conclude that there was delay of inspection, or that, inspection being had, defendant delayed in giving plaintiff notice of discovered defects. In either event, the passage of such time between delivery of parts or delivery of the notes, and the giving of notice, was as a matter of law an unreasonable time. Under the circumstances, defendant ought to have known of alleged defects much in advance of the day it gave notice, and it did not satisfy the test of reasonableness required by the Act. Cf. *Aaron Bodek & Son v. Avrach*, 297 Pa. 225, 146 A. 546; *Bradford Gasoline Company v. Hanley Company*, 315 Pa. 441, 173 A. 401; and see Williston on Sales, Vol. 2, §384. To hold otherwise would not permit the required finality in the sale of goods.

Judgment affirmed.

Mr. Justice MUSMANNO dissents.