## Hollenbach v. Elizabethtown School District

*Henry F. Gingrich,* for plaintiff.
*William B. Arnold,* for defendant.

WISSLER, P. J., October 24, 1958.—Plaintiffs filed a complaint in mandamus to which defendant filed its answer containing new matter. Plaintiffs filed a reply to the new matter contained in defendant's answer, following which defendant filed a motion for judgment on the pleadings under Pa. R. C. P. 1034. In considering such a motion the court must accept as

true all facts well pleaded and inferences reasonably deducible therefrom, and judgment should be entered only where it is clear that no meritorious legal defense is raised: Necho Coal Company v. Denise Coal Company, 387 Pa. 567. Pa. R. C. P. 1091 provides that, except as otherwise provided in this chapter, the procedure in the action of mandamus shall be in accordance with the rules relating to the action of assumpsit.

Viewing the pleadings in this case with the foregoing legal principles in mind, the following material facts appear. Plaintiff, Charles C. B. Hollenbach, Jr., is a minor, 17 years of age, beyond the compulsory school age, who resides with his parents at 231 North Locust Street, Elizabethtown, Lancaster County, Pa., and Charles C. B. Hollenbach, Sr., and Dorothy M. Hollenbach, the parents, are the guardians for their son in the present action. Defendant, Elizabethtown Area School District Board, is a quasi-municipal corporation of the Commonwealth of Pennsylvania, and it is the board of directors of the said district who administer the School Code in the area of Elizabethtown, Lancaster County, Pa.

On February 26, 1958, plaintiff was told by the principal to leave the school, and on the same day plaintiff's father contacted the principal with respect to having plaintiff readmitted to school and the father was advised that a meeting was to be held that evening concerning this matter. The mother and father of plaintiff, along with plaintiff, attended the said meeting or hearing, at which time a teacher, Mrs Zuch, stated that plaintiff talked excessively and swore at her at home after being permanently expelled, and also added that he had cheated during an examination. This meeting or hearing was attended by six members of the defendant school board which consists of 10 members, and it appears that one of the members left prior

to the conclusion of the hearing or meeting. The following day, February 27, 1958, plaintiff, upon calling at the principal's office, was told that he had been permanently expelled.

In plaintiff's reply he admitted that on November 26, 1957, he was absent from school without legal excuse and went small game hunting with another pupil. He denied, however, that any other misconduct, other than this truancy, was discussed at the hearing before the executive committee of the defendant school board. In his further reply he makes only a general denial to paragraph 16 of defendant's new matter and, therefore, has the effect of an admission in accordance with Pa. R. C. P. 1029(b) of that portion of paragraph 16 of defendant's answer which avers:

"Plaintiff was expelled from school, but the expulsion suspended and plaintiff allowed to return to school under probation, on condition that he would maintain good conduct thereafter. Written notice of this action was sent to plaintiff's father by the school principal, by letter dated December 3, 1957, which letter stated, inter alia, 'This means that Charles will be dropped from school with no further hearing by the Board or Board Committee, if he at any time during his probationary period shows lack of respect for school regulations or teachers.' "

Likewise, plaintiff's reply to paragraph 18 of new matter, being an insufficient denial under Pa. R. C. P. 1029(c), the allegations in paragraph 18 must be deemed to be admitted. The allegations are that "Matters of pupil discipline, suspension and expulsion, have been committed by the full school board during the existence of Elizabethtown Area School District and for many years prior thereto by its component individual school districts, to the Board's executive committee, pursuant to the authorization of Secton 1318 of the Public School Code."

It is admitted by defendant that it gave to plaintiff no formal written charge on February 26, 1958, and that none of the testimony at the hearing on said date was under oath or affirmation. Defendant also admits that a majority of its entire school board was not present at all stages of the hearing on February 26, 1958, but contends that said hearing did not purport to be a hearing by the full school board but only by the said board's duly authorized committee for consideration of pupil discipline, suspension and expulsion matters under express authorization of section 1318 of the Public School Code of March 10, 1949, P. L. 30, art. XIII, 24 PS §13-1318, which provides as follows:

"Every principal or teacher in charge of a public school may temporarily suspend any pupil on account of disobedience or misconduct, and any principal or teacher suspending any pupil shall promptly notify the district superintendent, supervising principal, or secretary of the board of school directors. The board may, after a proper hearing, suspend such child for such time as it may determine, or may permanently expel him. Such hearings, suspension, or expulsion may be delegated to a duly authorized committee of the board."

Plaintiff contends that the words "proper hearing," as used in this section, mean that the school board must swear witnesses and in every way follow a formal hearing of a judicial nature as in criminal cases. In support of this contention plaintiff cites Geiger v. Milford Independent School District, 51 D. & C. 647, which sustains this position. On the other hand, in a later case, Mando v. Wesleyville School Board, 35 Erie 74, it was held that section 1318 of the Public School Code of 1949, providing for the suspension or expulsion on account of disobedience or misconduct after a proper hearing, does not require that the school board

conduct a formal hearing, including the taking of testimony. This court is in accord with the reasoning of Judge Laub in the Mando case, supra, in which he states at page 76 of his opinion:

"Examination of the Public School Code reveals that the word 'hearing' is used several times in other parts of the Act. In Section 1031, there is a provision that the Superintendent of Public Instruction hold a hearing to dispose of objections to the election of a county superintendent. In this section there is an express provision that the Superintendent may require, under oath, such evidence as is deemed necessary and proper. In Section 514, the word 'hearing' is again used, this time in connection with the removal of school district officers, employees or appointees. Substantially the same provisions may be found in Section 1034 relating to the removal of county superintendents by the Superintendent of Public Instruction.

"Of importance in this connection are the provisions of sections 1126, 1127, 1128 and 1129. These sections relate to the removal of professional employees by the school board and set forth a full and complete system for the holding of public hearings after written notice. The power of subpoena is conferred upon the board, witnesses are to be heard under oath and any member of the board is empowered to administer the same. The following sections of the Act then provide for the taking of appeals from adverse decisions.

"From this it is apparent that the legislature was fully cognizant that different interpretations of the word 'hearing' are possible and frequent. It is also apparent that the legislature never intended that a formal hearing, including the taking of sworn testimony, be held in cases involving the dismissal or suspension of a pupil. Had it so intended it could easily have made such requirement, and in unmistakable

language, by extending the provisions of sections 1126, 1127, 1128, and 1129 to every 'hearing' described in the Act. Instead, the provisions of these sections were restricted to the dismissal of professional employees only."

Matters of discipline, suspension and expulsion have been committed by the legislature to the school authorities and not to the courts: Sections 1317 and 1318 of the Public School Code of 1949, 24 PS §§13-1317, 13-1318.

The law is clear that mandamus lies only where there is a clear legal right in plaintiff and a corresponding duty in defendant and only where the act requested is ministerial and not discretionary: Maxwell v. Farrell School District Board of Directors, 381 Pa. 561. A writ of mandamus is not a writ of right, and whether mandamus shall issue is a matter for the exercise of a sound discretion by the court: Waters v. Samuel, 367 Pa. 618. In Maxwell v. Farrell School District Board of Directors, supra, Mr. Justice Bell at page 566 stated:

"It is well settled that in a mandamus proceeding a Court can compel a public official who is vested with a discretionary power to exercise that discretion; but (unless the discretion is arbitrarily or fraudulently exercised or is based upon a mistaken view of the law) it cannot interfere with or control the official's discretion or judgment. Expressed another way, it is the discretion and judgment of the official (who is vested with a discretionary power) which prevails and not that of a Court."

In the instant case there is no allegation that plaintiff demanded that the witnesses be sworn. Furthermore, the act of expulsion of February 27, 1958, was also based on the December 3, 1957, expulsion and violation of probation. This clearly indicates no arbi-

trary exercise of discretion on the part of defendant as would entitle plaintiff to the redress sought in his complaint.

And now, October 24, 1958, defendant's motion for judgment on the pleadings is granted and judgment is entered for defendant and against plaintiffs, and plaintiffs' complaint in mandamus is dismissed at plaintiffs' cost.