## Beacon Loan Corp. v. Hartford Accident and Indemnity Company

*Sidney Apfelbaum*, for plaintiff.
*R. McK. Glass*, for defendant.

MOSER, J., May 31, 1966. — In this action, Beacon Loan Corporation of Mt. Carmel, Pa. (Beacon) is seeking to recover under a comprehensive dishonesty, disappearance and destruction policy issued by Hartford Accident and Indemnity Company (Hartford), listing 16 corporations "to be considered the insured" thereunder. The pleadings consist of a complaint, preliminary objections to the complaint, opinion on the preliminary objections, amended complaint, answer with new matter, reply to new matter, motion for judgment on the pleadings, opinion on motion for judgment, motion for reargument and motion to quash motion for judgment.

In the motion for judgment on the pleadings, Hartford for the first time raises the question of whether Beacon is the proper party plaintiff. This question was considered previously by Judge Robert M. Fortney, who filed an opinion denying the motion. In the motion for reargument of the motion for judgment on the pleadings, Hartford does not raise any new reasons, but requests that the matter be reconsidered because of alleged errors of Judge Fortney in the opinion.

A motion for judgment on the pleadings is, in effect, a demurrer, and in considering the same, the court should be guided by the same principles as were heretofore applicable in disposing of a preliminary objection in the nature of a demurrer. On such a motion, the court must accept as true, even though denied, averments of fact by the opposing party which are material and relevant; but inferences and conclusions which are drawn from and erroneously interpret a written instrument which is part of the record are not admitted, nor are conclusions of law. Judgment on the pleadings should be entered only where the right is clear and free from doubt: Necho Coal Company v. Denise Coal Company, 387 Pa. 567, 128 A. 2d 771; Goodrich-Am. 1034, at page 249.

The general rule is that where there is any question as to the proper construction of the terms of an insurance policy and the extent of coverage intended thereby, doubt must be resolved in favor of the insured: J. B. Liebman & Co., Inc. v. Aetna Casualty and Surety Co., 124 Pa. Superior Ct. 69, 188 Atl. 100; Weinberg v. State Workmen's Insurance Fund, 368 Pa. 76, 81 A. 2d 906. In interpreting the various clauses of a contract of insurance, the policy must be interpreted, if possible, to give effect to all of its various provisions: Galvin v. Occidental Life Insurance Company of California, 206 Pa. Superior Ct. 61, 211 A. 2d 120, and the interpretation of indemnity contracts most favorable to the insured should be adopted: Lewis v. Fidelity and Casualty Co., 304 Pa. 503, 156 Atl. 73.

If these rules were applied in this case, it would be necessary to dismiss the motion for judgment on the pleadings. The contention of Hartford, however, is that rules of construction are not to be applied in this proceeding because there are words in the contract of insurance which permit only one interpretation to be made, namely, that Public Loan Company, Inc. (Public), as the first named insured in the policy, is the only possible plaintiff in this suit. In his brief, the attorney for Hartford states his position as follows: "What Hartford asks is that this Court read the plain and clear language of this policy contract, and then declare and apply the plain meaning of the very clear language of the contract that was voluntarily entered into by the parties to it".

We have carefully examined the wording of the insurance policy, but we find no express language setting forth the exact name of plaintiff in any suit to recover under the contract. There are no words stating that either Beacon or Public should be plaintiff or should not be plaintiff. Actually, Hartford relies on its interpretation of certain words in the contract as the basis for its

position, which is stated in its brief as follows: "The policy says that the Insured first named 'SHALL act for itself and for every other Insured FOR ALL PURPOSES OF THIS POLICY' (emphasis added). What could be plainer? One 'purpose of the policy' is certainly the bringing of a lawsuit if one of the 16 corporations claims to be entitled to payment and the insuring company refuses to pay. Yet Public Loan, the 'first named' beyond any shadow of a doubt, has *not* brought this suit and is no party to this action, CONTRARY TO THE CONTRACT PROVISIONS AGREED TO".

The court is not satisfied that the words quoted from the policy must have the meaning ascribed to them by Hartford. Generally, the purpose of the clause is to permit Hartford to deal with one insured instead of 16 insureds, thereby rendering the dealings under the policy more convenient for Hartford. We do not agree that one of the purposes of the policy is the bringing of suit for claims under it, since the object of the contract is to provide indemnity insurance, and not to control litigation.

Where the provisions of an insurance policy are susceptible of two or more interpretations, it will be liberally construed in aid of the indemnity intended, and that construction will be adopted which will make the contract effective for the protection of the insured, since the insurer is presumed to be capable of setting forth aptly the obligation assumed under the policy which it prepared: McConnell v. Merchants and Businessmen's Mutual Fire Insurance Company, 52 D. & C. 1.

Hartford next argues that aside from specific contract provisions, Pennsylvania Rule of Civil Procedure 2002 requires all actions based upon contract to be brought by the real party in interest, and since Public must be plaintiff, it is the real party in interest, be-

cause it alone can give an acquittance and discharge to Hartford under the policy. This contention might be true if Public was the only proper party plaintiff, as Hartford had previously contended. As already pointed out, there are no express words in the contract prohibiting Beacon from being plaintiff in this action, and the words relied on by Hartford as requiring Public to be plaintiff need not be so interpreted. There can be no doubt that if Beacon can act as plaintiff in this suit, it can control the action and legally give an acquittance and discharge to Hartford if necessary, so that Beacon would be the real party in interest under rule 2002.

In our view of the case, we do not deem it necessary to discuss whether any errors were committed by the court in the previous decisions dismissing the motion for judgment on the pleadings. Likewise, we make no comment on the effect of the statute of limitations on any amendment as to party plaintiff in this suit.

ORDER

And now, May 31, 1966, the motion of defendant for judgment on the pleadings is denied. Exception noted for defendant.