Herbert J. ROBINSON, t/a Robinson's
Cricket Shop, Appellant,

v.

JONATHAN LOGAN FINANCIAL, A Division of Jonathan Logan, Inc., A
Corporation, Appellee.

No. 5495.

District of Columbia Court of Appeals.

Argued Jan 25, 1971.

Decided May 10, 1971.

Edward R. Levin, Washington, D. C., for appellant.

Irwin S. Landau, Washington, D. C., with whom S. David Rubenstein, Calvin K. Ashland and Bruce Goldstein, Washington, D. C., were on the brief, for appellee.

Before FICKLING, KERN and REILLY, Associate Judges.

FICKLING, Associate Judge:

The trial court found appellant liable to appellee for the contract price of a quantity of women's dresses, despite a late delivery. We affirm.

On May 12, 1966, appellant (buyer) placed an order for 72 dresses with appellee (seller). The goods were to have been delivered on the next day, May 13. In fact, they were not shipped until May 26 and arrived some time thereafter. In a letter dated November 28, approximately 6 months later, the buyer informed the seller that the goods were being held in their original unopened packages; due to the late delivery, payment would not be made. The letter also stated that, "You (seller) had been notified at the time of delivery of the problem."

Not until April 18, 1968, did the seller respond. In a letter bearing that date, the buyer was advised that he could return the goods. In the year and one-half inter-

val, however, the buyer had stored the dresses in his warehouse. This warehouse was located in a section of the city seriously affected by the April 1968 riots. Allegedly because of his fear of violence, the buyer refused to go to the warehouse even if accompanied by an armed guard hired by the seller. The buyer's proposed solution was that the seller, whose place of business was over 200 miles from this city, should send his own representative to retrieve the dresses. The buyer would gladly lend him a key to the warehouse. Otherwise, he would have to wait until the buyer's fear of violence subsided. In March 1969 this suit was filed.

The trial judge found that the dresses had been delivered late; nevertheless, he concluded that they were "accepted" by the buyer. He also found that the buyer refused to return the dresses despite the seller's willingness to take them back.

Under the Uniform Commercial Code in force in this jurisdiction, acceptance of goods results when the buyer fails to make an effective rejection. D.C.Code 1967, § 28:2–606(1) (b). The fact that the buyer may have a legal right to reject the goods [1] and that he intends to exercise that right does not matter if, in fact, he fails to comply with the requirements for an effective rejection.[2] For a rejection to be effective, it must be made within a reasonable time after delivery of the goods; also, any attempted rejection is ineffective unless the buyer seasonably notifies the seller. D.C.Code 1967, § 28:2–602(1). The official comments to the Uniform Commercial Code warn the buyer that:

A tender or delivery of goods made pursuant to a contract of sale, even though wholly non-conforming, requires affirmative action by the buyer to avoid acceptance.[3]

■ In this case the record indicates that notification of rejection was sent in a letter dated November 28, approximately 6 months after delivery. True, this letter stated that the seller had been notified of the problem at the time of delivery. However, informing the seller that you have a problem with the manner of delivery or with the condition of the goods themselves is far short of giving him the required seasonable notification of rejection.

■ A seasonable notification is one given within a reasonable time. See D.C. Code 1967, § 28:1–204(3). What constitutes a reasonable time under the circumstances is a particularly appropriate question for the trier of fact. A finding here that 6 months is an unreasonable time is not clearly erroneous.

■ The fact that the seller was at first willing to take back the dresses and, in effect, cancel the contract rather than file an action for the price as authorized by D.C.Code 1967, § 28:2–709(1) (a), does not bar this later action for the price. Cancellation is an alternative remedy. D.C. Code 1967, § 28:2–703(f) and § 28:2–106(4). When the buyer refused to return the dresses, the seller was authorized to select another remedy [4]—an action for the price— even though he had not previously claimed that the buyer's attempted rejection in the November 28 letter was not seasonable.

Affirmed.

---

1. Here, because of the late delivery, the buyer may well have had such a right.

2. R. Anderson, Uniform Commercial Code § 2–606:18 (2d ed. 1971).

3. Uniform Commercial Code § 2–602, Comment 1.

4. See Uniform Commercial Code § 2–703, Comment 1. See also D.C.Code 1967, § 28:2–720. The cancellation of a contract does not necessarily preclude an action for damages. Under the circumstances here, the attempted cancellation does not preclude an action for the price where the buyer refused to return the accepted goods.