Robert **CLOER**

v.

**GENERAL MOTORS CORPORATION** **and Truck and Coach Division of** **General Motors Corporation.**

No. TY–74–23–CA.

United States District Court, E. D. Texas, Tyler Division.

June 18, 1975.

Blake Bailey, Rex Houston, Henderson, Tex., for plaintiff.

Martin D. Beirne, Sam H. Hood, Jr., Fulbright & Jaworski, Houston, Tex., for defendant.

STEGER, District Judge.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### BACKGROUND

This is a suit brought by the Plaintiff, Robert Cloer, for damages arising out of the purchase of a GMC Astro truck from the Ford and Calhoun GMC Truck Company in Tyler, Texas. The Plaintiff bases his claim on a breach of express and implied warranties of merchantability and fitness for a particular purpose and he seeks treble damages in the amount of $58,000.00 and attorney's fees under *Vernon's Tex.Codes Ann.*, Business and Commerce Code, § 17.50. The case was tried before a jury on April 8, 1975, and at the close of the Plaintiff's case the Court granted the Defendant's Motion for a Directed Verdict. The Court finds the facts and states the conclusions of law as follows:

### FINDINGS OF FACT

1. The Plaintiff, Robert Cloer, is a resident of Gregg County, Texas, and a citizen of the State of Texas.

2. The Defendant, General Motors Corporation, is a corporation incorporat-ed under the laws of some state other than Texas with its principal place of business in a state other than the State of Texas. The Truck and Coach Division is a division of General Motors corporation.

3. On September 28, 1973, the Plaintiff purchased a new GMC Astro truck, Model DH9702, for $26,000.00, from Ford and Calhoun GMC Truck Company located in Tyler, Texas.

4. The GMC Astro truck was manufactured by the Defendant, General Motors Corporation, and Ford and Calhoun is an authorized GMC truck dealer and repair facility.

5. On numerous occasions in 1973 and 1974, Robert Cloer complained to Ford and Calhoun of problems with his truck. On each occasion that service work was requested, repairs were made by the dealer at no cost to the Plaintiff.

6. All of the Plaintiff's contract negotiations for the purchase of the truck were with Ford and Calhoun and not the Defendant, General Motors Corporation or its Truck and Coach Division.

7. All of the Plaintiff's complaints were made to and handled by Ford and Calhoun. The Plaintiff never complained to the Defendant about Ford and Calhoun failing to honor the warranty and the first time the Defendant knew of any problem with the truck in question was when this suit was filed.

8. The Plaintiff did not enter into a contract with General Motors Corporation, the contract being with Ford and Calhoun.

### CONCLUSIONS OF LAW

1. The Court has subject matter jurisdiction over this cause pursuant to 28 U.S.C.A. § 1332 and personal jurisdiction over the parties herein.

2. The Plaintiff's suit is for economic loss only, and does not involve harm to the person or property of another. Therefore, this suit is to be governed by pure contract law. *Pioneer Hi-Bred International, Inc. v. Talley,* 493

S.W.2d 602 (Tex.Civ.App.—Amarillo, 1973); *Thermal Supply of Texas, Inc. v. Asel*, 468 S.W.2d 927 (Tex.Civ.App.—Austin, 1971).

▇ 3. Under the contract law of Texas, to recover for a breach of express and implied warranties, it is essential that there be privity of contract between the Plaintiff and the Defendant. *Foremost Mobile Homes Mfg. Corp. v. Steele*, 506 S.W.2d 646, 649 (Tex.Civ.App.—Ft. Worth, 1974); *Veretto v. Eli Lilly and Company*, 369 F.Supp. 1254 (N.D.Tex. 1974); *Pioneer Hi-Bred International, Inc. v. Talley*, supra at 608; *Eli Lilly and Company v. Casey*, 472 S.W.2d 598 (Tex.Civ.App.—Eastland, 1971, App. Dism'd); *Melody Home Manufacturing Company v. Morrison*, 455 S.W.2d 825 (Tex.Civ.App.—Houston (1st Dist.), 1970); Contra, *Ford Motor Company v. Lemieux Lumber Company*, 418 S.W.2d 909 (Tex.Civ.App.—Beaumont, 1967). The Court observes that the *Lemieux Lumber* case was a tort case and did not involve purely contract law. Therefore, the broad statements made by the Court therein concerning privity of contract are inapplicable to Mr. Cloer's cause of action, which is based solely on contract law. See *Foremost Mobile Homes Mfg. Corp. v. Steele*, supra at 648–649.

▇ 4. There was no privity of contract between Robert Cloer and General Motors Corporation or its Truck and Coach Division. Therefore, the Plaintiff has no cause of action for breach of express or implied warranties against the Defendant and the Defendant is entitled to judgment in its favor. This is not to say that he has no cause of action against any Defendant, but only that he failed to prove privity of contract with this Defendant.

Any finding of fact heretofore made which constitutes a conclusion of law is hereby adopted as a conclusion of law, and any conclusion of law heretofore adopted which is a finding of fact is hereby adopted as a finding of fact.

Judgment will be entered in accordance with the findings made herein.