**EXPLORERS MOTOR HOME CORPORATION, Appellant,**

v.

**V. G. ALDRIDGE et ux., Appellees.**

No. 7825.

Court of Civil Appeals of Texas, Beaumont.

Aug. 12, 1976.

Rehearing Denied Sept. 2, 1976.

William A. Petersen, Jr., Houston, for appellant.

Jim Tatum, Houston, for appellees.

DIES, Chief Justice.

■ Plaintiffs, V. G. and Josephine Aldridge, brought suit against Sportsman Travel Trailers Sales, the seller of a motor home, and Explorer Motor Home Corporation, the manufacturer of the motor home. Citation against Sportsman was quashed under Tex.R.Civ.P. 120a, and trial continued without it as a party. Plaintiffs sought only restitution totaling $15,158.36 based upon allegations that the motor home was defectively constructed and designed, that the home was worthless, and that it was "unfit for the purpose for which it was designed and sold." There was no privity of contract between plaintiffs and the remaining defendant, Explorer. Trial was to a jury which found that the home was still defective and was entirely worthless for the purposes for which it was intended; that $12,500 would put the plaintiffs in their original position; and that plaintiffs had no dollar value on their use and enjoyment of the home. The trial court rendered judgment on the verdict for $12,500. Plaintiffs have filed no brief for our consideration. Thus, factual statements made in defendant's brief will be taken as true. Tex.R. Civ.P. 419; *Garza v. Salinas,* 434 S.W.2d 153, 154 (Tex.Civ.App.—San Antonio 1968, no writ). We reverse and remand.

■ Defendant's first six points of error basically assert that the plaintiffs could not recover since there is no privity of contract between the parties to this suit, and that there is thus no basis in law for plaintiffs' recovery.

Plaintiffs are basically seeking recovery for the economic loss and diminution in value of the product which they purchased. On July 15, 1976, this court handed down its decision in *Nobility Homes of Texas, Inc. v. Shivers,* 539 S.W.2d 190 (Tex.Civ.App.—Beaumont 1976), which involved the same question of law as presented here. In that case, the majority held that no privity is required in cases involving economic loss of the product itself. The rationale of this principle is that there is an implied warranty of reasonable fitness of a product as a matter of public policy, and that the reasoning formerly used for requiring privity is permeated with illogical deductions and considerations.

We think it unnecessary to restate here the detailed reasons for this ruling, and refer the parties to *Nobility Homes,* supra, for relevant discussions therein. The principles enunciated in *Nobility Homes* are adopted herein.

Points of Error 1, 2, 3, 4, and 6 are without merit and overruled.

By Point of Error 5, the defendant complains that there is no theory of law upon which the trial court could have based a judgment and that there are no pleadings to support the judgment.

■ The fact that we have abrogated the necessity of privity in cases such as this does not, of course, automatically permit recovery by the plaintiffs. The plaintiffs here plead for recovery based only upon the theory of restitution—there were no other alternative pleadings, such as those for damages. The only special issue submitted to the jury which inquired into the monetary award to be given to the plaintiffs was that which asked which sum of money would put the plaintiffs in the position as they originally stood. This was proper under restitution theory since "[r]estitution is the amount which would put plaintiff in as good a position as he would have been in if no contract had been made. It restores to plaintiff the value of what he parted with

in performing the contract." *Coon v. Schoeneman,* 476 S.W.2d 439, 441 (Tex.Civ. App.—Dallas 1972, writ ref'd n.r.e.); 5 Corbin, *Contracts* § 996 (1964).

This is not to be confused with the theory of "damages", which is to put the plaintiff in as good a position had the contract been performed. Id., at 441. Thus, restitution implies restoration of the status quo. *Goff v. Graham,* 306 N.E.2d 758, 767 (Ind.App. 1974); *Antoine v. McCaffery,* 335 S.W.2d 474, 489 (Mo.App.1960).

But none of the parties here appear to fully comprehend the various elements of restitution. Besides the fact that the theory's ultimate purpose is to put the plaintiff in as good a position as he was in prior to the "contract", it must also be remembered that:

> "Restitution is not available as a remedy for a breach by defective or incomplete performance if the injured party accepts performance with knowledge of the defects or incompleteness, unless the performance accepted by him is so connected with his own land or chattels that its rejections would require their abandonment or expensive alteration." Restatement of Contracts § 353 (1932).

See also Comment (a) under § 353. The illustrations under § 353 give the following relevant examples:

> "2. A contracts to sell goods to B, giving a warranty of quality, and the price being paid in advance. In performance of this contract, A tenders goods of such bad quality that B is privileged to reject them; but with knowledge of the defect, B accepts the goods. The remedy of restitution is not available to B."

> "6. A contracts to install in B's house a furnace of a specified capacity. B pays half the price in advance. After completion, B uses the furnace; but it is so defective as to prove a total breach by A. The use by B is not such an acceptance as to deprive him of the remedy of restitution."

Thus, distinctions are made as to whether the entire price has been paid, and as to what constitutes "use" by the consumer. No such inquiries were submitted to the fact finder in the case at bar.

This concept is incorporated into the law of this State in Texas' Commercial Code. "[I]f the goods or the tender of delivery fail in any respect to conform to the contract, the buyer may (1) reject the whole." Tex. Bus. & Comm.Code § 2.601 (1968). But "[r]ejection of goods must be within a reasonable time after their delivery or tender. It is ineffective unless the buyer seasonably notifies the seller." Tex.Bus. & Comm. Code § 2.602(a) (1968).

There is no evidence, and plaintiffs have not asserted, that they ever rejected the motor home by giving the defendant seasonable notification. Plaintiffs purchased the home in July 1969 and ceased to use it in March 1971—a period of almost two years. During this time, the home was returned several times to the defendant for repairs. But, the defendant also states that the plaintiffs put 14,000 miles on the motor home; took two trips to Shreveport, Louisiana, and a trip to Colorado before finally driving it to California where the defendant was to attempt to correct the defects. Plaintiffs offered for the first time in their original petition to return the home, but have as yet not done so. No issues were submitted on the question of acceptance. For almost two years, the plaintiffs exercised dominion and control over the home which constituted incidents of ownership.

One who exercises dominion over or alters goods in their possession thereby accepts the goods under Texas Business and Commerce Code. *Bowen v. Young,* 507 S.W.2d 600, 603 (Tex.Civ.App.—El Paso 1974, no writ) and the cases cited therein. Bowen held that there was acceptance *as a matter of law* where the plaintiff moved into the mobile home for over a year and attempted to repair the home by replacing the heating and air conditioning units. Id., at 606. See 67 A.L.R.3d 363, 385, § 7(a) (1975) which predicates the annotation upon *Bowen v. Young,* supra. We do not have the situation here where the buyer continued to occupy the home *after* giving notice of rejection as in *Minsel v. El Rancho Mo-*

*bile Home Center, Inc.,* 32 Mich.App. 10, 188 N.W.2d 9 (1971).

■ The notice envisioned by Tex.Bus. & Comm.Code § 2.602 must be clear and unambiguous. The evidence which is before us supports but one conclusion: There was no rejection within a reasonable time. Where reasonable minds cannot differ and only one conclusion can be drawn from the evidence, the question of acceptance is one for the court and not for the jury. *Necho Coal Company v. Denise Coal Company,* 387 Pa. 567, 128 A.2d 771, 773 (1957).

■ We hold that as a matter of law, plaintiffs did not seasonably reject the motor home and accepted it thereby. Accord: *Bowen v. Young,* supra; *International Paper Co. v. Margrove, Inc.,* 75 Misc.2d 763, 348 N.Y.S.2d 916 (1973) (where a delay of five months was held to constitute acceptance); *Robinson v. Jonathan Logan Financial,* 277 A.2d 115 (D.C.App.1971) (which held that a delay of six months was acceptance); *Necho Coal Company v. Denise Coal Company,* supra (which ruled that a nine months' delay was acceptance as a matter of law).

■ Where there is an acceptance, plaintiffs are relegated to recover on the theory of "damages". *Hendricks v. Moore,* 156 Tex. 570, 297 S.W.2d 811, 813 (1957). As previously mentioned, there was no pleading for "damages" by plaintiffs. Plaintiffs may therefore not recover upon the sole theory of restitution.

Defendant's Point of Error 5 is sustained.

By Points of Error 17 and 18, defendant claims that there is insufficient evidence to support the jury's finding that no dollar value could be placed upon the use and enjoyment of the motor home by the plaintiffs, and that such finding is against the great weight and preponderance of the evidence.

■ There was much testimony that the home was poorly constructed and unfit for the purpose for which it was designed and sold. The jury found this to be the case.

But, we do not think that the evidence supports the finding that plaintiffs had *no* use and benefit from the vehicle. They did take at least four trips in the motor home, as noted earlier, and put some 14,000 miles on it. It is a rule that even where a party is not required to return possession of a defective product to the seller/manufacturer, the return of the purchase price or its equivalent must include the value of any benefit that he derived from possession of the goods. *Villarreal v. Boggus Motor Company,* 471 S.W.2d 615, 619 (Tex.Civ. App.—Corpus Christi 1971, writ ref'd n.r.e.).

Under these facts, the finding to Special Issue 4 was against the great weight and preponderance of the evidence and defendant's Point of Error 18 is sustained.

■ Defendant in Point of Error 32 puts forth another facet in this case. It complains that the judgment below fails to dispose of the motor home itself. As we presently understand, the trial court's ruling, plaintiffs are to recover not only the approximate price which they paid for the home, but are to retain possession of it also. Such result would obviously result in unjust enrichment for them. They may not obtain their "purchase price" and keep the vehicle. Such a result is contrary to one of the basic tenets of restitution: restoration to the plaintiffs the value or thing which they parted with. See 5 Corbin, *Contracts* § 1112 (1964). Such issue should have been addressed and considered by the trial court. Defendant's Point of Error 32 is sustained.

We note here that the result in this case is not to be confused with *Nobility Homes, Inc. v. Shivers,* supra. The plaintiff there was seeking damages and the difference in value between the purchase price and the market value of the mobile home at the time of purchase. Plaintiffs here sought only restitution, with no other theories being plead. The question of acceptance has also been injected into this case.

Because of the errors of the trial court, this case must be reversed. In the interest of justice, this case is remanded and is not

rendered. *Uselton v. State,* 499 S.W.2d 92 (Tex.1973). It is apparent that the error found by this court resulted because of the uncertainty as to the rules of law that the courts of this state have applied in cases in which there is no privity of contract in products liability cases. Reference is here made to the opinion of this court in *Nobility Homes of Texas, Inc. v. John W. Shivers, supra.*

REVERSED and REMANDED.

KEITH, Justice (dissenting).

"Color me amazed." *

On July 15, 1976, in *Nobility Homes of Texas, Inc. v. Shivers,* 539 S.W.2d 190, the majority of this court attempted to change the well-settled law in this state requiring privity of contract when there is no injury to person or property. Today, the majority adheres to its erroneous declaration of the law in *Shivers,* and I remain firmly convinced that, for the reasons set out in the dissent in *Shivers,* the pronouncement is wrong.

However, if the majority insists on being wrong, they should at least strive to be wrong with consistency, and avoid being wrong in a different way and for different reasons each day. Until I reached the last paragraph of the opinion, it appeared that the majority was going to arrive at the correct result, a reversal and a rendition of the judgment. Indeed, the portion of the opinion relating to the Commercial Code is a correct exposition of the law. Yet, inexplicably, plaintiffs are to be given another bite at the apple when they have conclusively established—upon the trial the record of which we now review—that they may not prevail upon another trial.

Admittedly, plaintiffs have driven the vehicle more than fourteen thousand miles; they have made one or more trips to Louisiana, Colorado, and California—and those places are far distant from Harris County, Texas—during the two years they have exercised dominion and control over the vehicle. And, they still have the vehicle in their possession5A They may not, therefore, *under our record,* recover on another trial. See *Bowen v. Young,* 507 S.W.2d 600, 602–605, 67 A.L.R.3d 354, 357–360 (Tex.Civ.App. —El Paso 1974, no writ), cited, but not followed, by the majority. See also the cases cited in *Bowen* and in the annotation following *Bowen,* 67 A.L.R.3d 363, et seq.

What is even more inexplicable is the fact that the new trial ordered is said to be "[i]n the interest of justice." This sympathetic relief is ordered for litigants who failed to file a brief or appear in this Court upon submission of the cause. Ordinarily, such litigants are not afforded such solicitous treatment. See and compare *Crawford v. Modos,* 465 S.W.2d 220, 222–223 (Tex.Civ. App.—Beaumont 1971, writ dism'd).

Ostensibly, this extraordinary relief is granted because of an alleged "uncertainty as to the rules of law" applicable to the case. I submit that this is an excuse without any foundation. There was no uncertainty in the law before the majority wandered astray in *Shivers, supra.* See, e. g., the list of cases cited by Judge Steger in *Cloer v. General Motors Corporation,* 395 F.Supp. 1070, 1071–1072 (E.D.Tex.1975), and those cited in *Bowen v. Young, supra.*

While I join in a reversal of the judgment of the trial court, I dissent from a remand of the cause for a new trial.

---

* An expression sometimes used by Presiding Judge Onion. See, e. g., *Aldrighetti v. State,* 507 S.W.2d 770, 775 (Tex.Crim.App.1974); *Taylor v. State,* 508 S.W.2d 393, 397 (Tex.Crim. App.1974).