NO. 07-99-0311-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 29, 2002

_____

KELEMEN'S FASHION FLOORS, APPELLANT

V.

RONALD MERIWETHER, ET UX, APPELLEE

_____

FROM THE 1-A DISTRICT COURT OF NEWTON COUNTY;

NO. 10,391; HONORABLE MONTE D. LAWLIS, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant Kelemen's Fashion Floors appeals from a judgment in favor of appellees Ronald Meriwether and Teresa Meriwether based on allegations that Kelemen's installed a different type of ceramic tile on the floor of the Meriwethers' home than what was agreed upon. By seven issues, Kelemen's challenges the trial court's findings of (1) liability under theories of breach of contract, tort and deceptive trade practices, (2) damages, (3) non-

acceptance and notice of non-conforming goods by the Meriwethers and (4) Kelemen's liability for attorney's fees. We affirm the judgment.

## I. BACKGROUND

The Meriwethers orally contracted with Kelemen's for purchase of floor tile and installation of the tile in the Meriwethers' home. Kelemen's ordered the tile and, in August, 1995, had the tile installed. The Meriwethers paid the agreed price of $5,056.44. In February, 1996, the Meriwethers notified Kelemen's by letter that the type of tile they contracted for was a smooth-surfaced tile, but that the tile installed was an abrasive-surfaced tile. The Meriwethers demanded that Kelemen's pay for removal of the abrasive tile and refund their money. Kelemen's refused, maintaining that the tile which had been installed was what the Meriwethers ordered. The Meriwethers then had the abrasive tile removed and a smooth tile floor installed.

The Meriwethers sued Kelemen's for breach of contract, negligence, and violation of the Deceptive Trade and Consumer Protection Act.[1] Trial was to the court. The trial court entered judgment for the Meriwethers in the amount of $7,144.90 as damages, which the court found was a reasonable cost of replacing the abrasive tile with smooth-surfaced tile. The court also awarded the Meriwethers attorney's fees and costs. Pursuant to Kelemen's request, the trial court filed findings of fact and conclusions of law.

---

[1]See TEX. BUS. & COMM. CODE ANN. § 17.41, et. seq. (Vernon 2002). Further reference to a provision of the Code will be by reference to "TBCC §_."

2

Kelemen's brief urges seven issues in praying for reversal of the judgment. By those issues, Kelemen's challenges the liability findings, the amount of damages awarded, and the awarding of attorney's fees to the Meriwethers.

## II. ANALYSIS

### 1. Breach of Contract

Kelemen's first issue states a challenge to the evidentiary support for findings of fact supporting the theory of breach of contract. The body of the argument, however, challenges legal and factual sufficiency of the evidence to support the trial court's findings of fact beyond the contract question. The argument urges a lack of evidence that (1) the parties contracted for tile with a smooth surface to be installed in the Meriwethers' home, (2) Kelemen's breached an implied warranty, (3) the Meriwethers relied on Kelemen's to their detriment, (4) Kelemen's made false representations to the Meriwethers, committed an unconscionable act or violated a duty of disclosure.

Findings of fact entered in a case tried to the bench have the same force and dignity as a jury's verdict upon questions. Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991). A trial court's findings of fact are reviewable for legal and factual sufficiency by the same standards applied in reviewing the sufficiency of the evidence supporting a jury's finding. Id. When reviewing a legal sufficiency point, we consider only the evidence and inferences tending to support the trial court's finding, disregarding all contrary evidence and inferences. Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex.

1998). When appellants attack the legal sufficiency of evidence supporting an adverse finding on an issue on which they did not have the burden of proof, appellants must demonstrate on appeal that there is no evidence to support the adverse finding. Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983).

In considering a factual sufficiency issue, we review all the evidence and reverse only if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. See Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986); In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). The trier of fact is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, see Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547, 549 (1962), and may believe one witness and disbelieve another and resolve inconsistencies in testimony. See McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1986).

We do not accord such deference to the trial court's conclusions of law as we do to its findings of fact, however. We review the conclusions of law *de novo* to determine their correctness. See State v. Heal, 917 S.W.2d 6, 9 (Tex. 1996); Barber v. Colorado Indep. Sch. Dist., 901 S.W.2d 447, 450 (Tex. 1995). Even if the trial court's conclusions are erroneous, the judgment will not be reversed if the controlling findings of fact support a correct legal theory. See Hitzelberger v. Samedan Oil Corp., 948 S.W.2d 497, 503 (Tex.App.--Waco 1997, writ denied).

4

Kelemen's does not dispute the existence of a contract; the dispute is over its terms. Mrs. Meriwether testified that the contract was for the purchase and installation of smooth-surfaced tile. Mr. Kelemen testified that the contract was for abrasive-surfaced tile. Kelemen's candidly acknowledges that the evidence before the trial court consisted of a classic swearing match. In such a situation, there is some evidence to support each side of the issue. Accordingly, the evidence is legally sufficient to support the findings of fact that the contract was for smooth-surfaced tile. See Gonzalez, 968 S.W.2d at 936.

The trial judge, as trier of fact, had to determine the more credible evidence and resolve inconsistencies in the testimony. See Leyva, 358 S.W.2d at 549. In so doing, the judge made findings of fact that the contract was for smooth tile, that Kelemen's supplied and installed abrasive tile, and that the abrasive tile was not the same as nor of the same standard as the smooth tile which the Meriwethers ordered. In reviewing all the evidence, we conclude that the trial court's findings were not so against the great weight and preponderance of the evidence as to be manifestly unjust. Thus, the evidence is factually sufficient to support the finding of fact that the contract was for smooth-surfaced tile and that the tile installed was not the same as nor of the same standard as the smooth tile ordered by the Meriwethers. We overrule issue 1.

2. Notice of Breach

5

Kelemen's issue 5 urges that once the Meriwethers accepted[2] the abrasive-surfaced tile floor, see TBCC § 2.606, they failed to notify Kelemen's of the alleged nonconformance of the tile within a reasonable time, and were barred from any remedy for the alleged breach of contract pursuant to TBCC § 2.607(c)(1). The Meriwethers maintain that they gave reasonable and seasonable notice of the nonconformance and breach and that the trial court's findings of fact to that effect were supported by evidence.

The trial court found as facts that (1) the Meriwethers did not have a reasonable opportunity to inspect the tile prior to, during, or immediately after installation and (2) the Meriwethers discovered the difference in the tile surface and gave notice to Kelemen's on February 29, 1996. The court also specifically determined that the Meriwethers did not fail to notify Kelemen's within a reasonable time after they discovered or should have discovered that a breach of the agreement had occurred. The determination that the Meriwethers did not fail to notify Kelemen's within a reasonable time after they discovered or should have discovered the breach is labeled as a conclusion of law. The trial court findings and conclusions specifically provided, however, that any conclusion of law that is a finding of fact shall be deemed a finding of fact, and we consider it as such.

Teresa Meriwether testified that when she ordered tile from Kelemen's, she took a sample of smooth tile designated as Summitville S-18 and placed her order for that type of tile. During installation of the tile she was told that the tile was what she ordered. After

---

[2]In response to Kelemen's issue 4, the Meriwethers deny that they accepted the abrasive tile floor, and also assert that even if they accepted the abrasive tile floor, they timely and properly revoked their acceptance.

installation, she began having problems cleaning and caring for the tile. The tile seemed rougher and different from what she expected. She returned to Kelemen's several times seeking some solution to the cleaning problems and expressing the thoughts to Kelemen's that the tile was not what she expected and that it may have been "a defective batch." Eventually she obtained the name of the manufacturer of the tile from Kelemen's. She contacted the manufacturer and learned that the tile was S-18 ABR, which meant that it was the tile she ordered, except it had an abrasive finish instead of a smooth finish. Until then, she did not know that both smooth and abrasive tile finishes were manufactured. She reported her discovery to Kelemen's and told Mr. Kelemen that she expected him to remove the abrasive-surfaced tile and replace it with the smooth-surfaced tile which she had ordered. Kelemen's took the position that the Meriwethers got what they ordered and refused to remove the abrasive tile and install smooth tile. On February 29, 1996, Teresa wrote and sent to Kelemen's a four page letter detailing the history of problems with the floor and demanding that Kelemen's remove the abrasive tile and refund the Meriwethers' money. Kelemen's refused the demand and continued to assert that the Meriwethers ordered abrasive-surface tile. The Meriwethers hired a different contractor to remove the abrasive tile and install smooth tile.

Although disputed by Kelemen's, Teresa Meriwether's testimony is some evidence that she notified Kelemen's when she noticed that the tile floor did not conform to what she expected. Johnny Kelemen testified at trial that the tile installed was what the Meriwethers ordered, and that he so maintained during each conversation with Teresa. Kelemen's

asserts that its evidence proves that Teresa knew of and actually ordered abrasive-surfaced tile. But contrary evidence supported a finding that Teresa took reasonable actions in re-contacting Kelemen's about problems with the floor surface, then demanding removal of the abrasive-surfaced tile when she contacted the manufacturer and learned there was an abrasive-surfaced tile as well as a smooth-surfaced tile.

The trial court as fact finder, had to reconcile the conflicting evidence. See Leyva, 358 S.W.2d at 549; McGalliard, 722 S.W.2d at 697. The evidence is both legally and factually sufficient to support the trial court's findings that the Meriwethers did not fail to give notice to Kelemen's within a reasonable time after they discovered or should have discovered that an agreement to sell and install smooth tile was breached. Accordingly, the Meriwethers' remedies are not barred by TBCC § 2.607(c)(1). We overrule issue 5.

3. Damages

By issue 6, Kelemen's disputes the trial court's assessment of damages in the amount of $7,144.90. Kelemen's attacks the damages in two ways. First Kelemen's asserts that the award is, in essence, excessive restitution which is not permitted when acceptance has occurred. Second, Kelemen's urges that even if the Meriwethers seasonably gave notice of a breach, then damages would be allowed under provisions of

8

TBCC § 2.714, and the measure of damages is limited to the difference between the tile floor ordered and the tile floor installed.

In advancing its first position that restitution is not a remedy available to the Meriwethers, Kelemen's notes the general rule that once performance has been accepted, then restitution is not available as a remedy. See Explorers Motor Home Corp. v. Aldridge, 541 S.W.2d 851, 854 (Tex.Civ.App.--Beaumont 1976, writ ref'd n.r.e.). The Meriwethers' pleadings, however, did not seek restitution of the amount they paid Kelemen's; the pleadings alleged damages for the expenses the Meriwethers incurred for removal and replacement of the tile. The Meriwethers' pleadings referenced, in part, TBCC §§ 2.714 and 2.715 which address damages for breach in regard to accepted goods. Kelemen's levelled no exceptions to the pleadings. Nor did Kelemen's object to the Meriwether's proof of the amount it cost to remove and replace the tile. Other than its conclusory statement and argument that the damages comprised "thinly disguised and excessive restitution," Kelemen's does not explain how the damages pled for, proved and characterized as damages by the trial court in its findings of fact, conclusions of law, and judgment were actually restitution instead of damages because of Kelemen's breach of contract. The trial court entered judgment for damages, not restitution. Kelemen's first challenge to the damages award is not well taken.

In regard to Kelemen's second position, we note that TBCC § 2.714(b) prescribes the measure of damages for a breach of warranty to be the difference at the time and place of acceptance between the value of the goods accepted and the value of the goods had

9

they been as warranted, unless special circumstances show proximate damages of a different amount. Even if the trial court limited its assessment of damages to damages for breach of warranty, § 2.714 does not confine the calculation of damages as urged by Kelemen's. Section 2.714(b) allows damage calculations to vary from the difference in value measure if special circumstances show proximate damages of a different amount. Moreover, § 2.714(a) allows damages for a non-conforming tender of goods which has been accepted to be determined in any manner which is reasonable. And, § 2.714(c) authorizes incidental and consequential damages in a proper case.

Testimony and documentary evidence supported the trial court's finding of fact that a reasonable and necessary amount to remove the abrasive tile floor and install a smooth-surfaced tile floor in Newton County was $7,144.90. We conclude that the Meriwethers were not limited to damages based on the difference in value of the abrasive-surface tile floor installed by Kelemen's and a smooth-surface tile floor. The trial court calculation of damages for Kelemen's non-conforming tender under these facts was done in a reasonable manner within the meaning of TBCC § 2.714(a). We overrule issue 6.

### 4. Attorney's Fees

By issue 7, Kelemen's asserts that the Meriwethers were not entitled to recover attorney's fees under provisions of the Business and Commerce Code because they did not present a valid claim to Kelemen's as required by statute. Kelemen's theory is that (1)

the written claim (a letter dated February 29, 1996) was not a valid claim because the Meriwethers demanded restitution after having accepted the abrasive-surfaced tile; (2) the next written claim was for the excessive sum of $27,844.44, exclusive of attorney's fees which were also demanded; (3) Kelemen's could have reasonably assumed that the Meriwethers would have rejected an amount measured by the difference in value between the abrasive-surfaced tile floor and a smooth-surfaced tile floor, although Kelemen's did not ever make any sort of tender to the Meriwethers.

Reasonable attorney's fees, in addition to the amount of a valid claim and costs, may be recovered if the claim is based on an oral or written contract. See TEX. CIV. PRACT. & REM. CODE ANN. § 38.001(8) (Vernon 1997).[3] The availability of attorney's fees under a particular statute is a question of law for the court. See Holland v. Wal-Mart Stores, Inc., 1 S.W.3d 91, 94 (Tex. 1999).

To recover attorney's fees under TCPRC Chapter 38, (1) the claimant must be represented by an attorney, (2) the claim must be presented to the opposing party and (3) there must be no tender of the just amount owed before the expiration of the 30th day after the claim is presented. See TCPRC § 38.002. The statutory provisions are to be liberally construed to promote their underlying purpose. See TCPRC § 38.005. The purpose of presentment is to allow the person against whom the claim is asserted an opportunity to pay a claim within 30 days after having notice of the claim without incurring an obligation

---

[3]Reference to a provision of the Civil Practices and Remedies Code hereafter will be by reference to "TCPRC § _."

for attorney's fees. See Jones v. Kelley, 614 S.W.2d 95, 100 (Tex. 1981). No particular form of presentment is required. See Vingcard A.S. v. Merrimac Hospitality Sys., Inc., 59 S.W.3d 847, 867 (Tex.App.--Fort Worth 2001, pet. denied). A party presenting an excessive demand may be precluded from recovery of attorney's fees for subsequent litigation. See Findlay v. Cave, 611 S.W.2d 57, 58 (Tex. 1981).

The Meriwethers' letter of February 29, 1996, recited in detail their position that Kelemen's did not install smooth-surfaced tile for which the Meriwethers had contracted. The substance of the claim presented was that Kelemen's had delivered and installed tile which was not what the Meriwethers ordered, and the Meriwethers demanded that Kelemen's make them whole. Kelemen's position at trial was not that the Meriwethers' demand was excessive; its position was that the Meriwethers contracted for what they received and that they were seeking something to which they were not entitled at all.

We do not agree that the February 29th letter presented an invalid claim because the relief demanded in the letter was removal of the abrasive-surfaced tile floor and refund of the price paid by the Meriwethers. The letter set out the claim being made, demanded a measure of damages which was similar to that proved at trial and found by the trial court to be a reasonable measure (the cost of removal of the tile installed by Kelemen's and replacement with smooth-surfaced tile) and the amount demanded was less than the damages found by the trial court. The letter presented Kelemen's an opportunity to resolve the claim without incurring an obligation for attorney's fees. Such presentment satisfies the statutory requirements. See Jones, 614 S.W.2d at 100.

12

We need not decide whether the subsequent demand by the Meriwethers' attorney pursuant to the Deceptive Trade and Consumer Protection Act seeking economic damages, mental anguish damages and attorney's fees was excessive. Even if it was, it did not negate the opportunity presented by the February 29th letter for Kelemen's to resolve the claim without incurring an obligation for attorney's fees. We overrule Kelemen's issue 7.

## CONCLUSION

Our overruling of issues 1,5,6 and 7 is dispositive of the appeal on the basis that Kelemen's breached its contract with the Meriwethers. Accordingly, without considering the remainder of Kelemen's issues, we affirm the judgment of the trial court. See TEX. R. APP. P. 47.1.

Phil Johnson
Justice

Do not publish.