OLA BELLE DOPIERALLA ET UX v. ARKANSAS
LOUISIANA GAS COMPANY

73-76                                          499 S.W. 2d 610

Opinion delivered October 1, 1973

*Shelby R. Blackmon,* for appellants.

*Charles W. Baker, Baker & Probst, P.A.,* for appellees.

GEORGE ROSE SMITH, Justice. The appellee brought this action to recover the unpaid balance of the purchase price of a combined heating and air-conditioning system which the defendants, Mr. and Mrs. Dopieralla, bought for their beauty salon and beauty school in North Little Rock. By answer and counterclaim the Dopierallas denied liability and sought damages, on the ground that the air-conditioner had broken down so repeatedly that they had finally been compelled to take out the entire system and replace it. At the close of the case the trial judge directed a verdict for the plaintiff. Whether the

testimony presented an issue of fact is the only issue on appeal.

The seller rested after establishing a prima facie case by proof that the buyers signed a purchase contract in October of 1967; that the contract called for 72 monthly payments of $45.18 each; and that the defendants became delinquent after having made only 40 monthly payments.

The Dopierallas offered their own testimony and that of three other witnesses. According to their proof, they relied upon the seller to select an air-conditioner capable of cooling their place of business. The witnesses said that the unit which was installed never operated for more than a few days without breaking down. The seller, upon being called, would wait about a week before sending someone to work on the system. During the interruptions in service the Dopierallas lost customers owing to the excessive heat that was created by the steam, the hot water, and the driers in the beauty shop and school. Some of the girls fainted. According to Mrs. Dopieralla, she was assured by Charles Jackson, one of the seller's employees, "that they could make it work." * * * "Every time they worked on it they kept assuring us that they would" make it work. According to Mrs. Dopieralla's son, he was finally told by one of the seller's repairmen, who had worked on the unit most of an afternoon, that "there's not much I can do with it. It needs replacing." The record is not completely clear as to dates, but apparently the purchasers stopped making payments and replaced the system soon after the incident just mentioned.

The defendants' proof is uncontradicted. That is, after the defense rested its case the plaintiff did not call Charles Jackson or its repairmen or any witness at all to deny the defendants' testimony. Thus the issue is whether the purchasers' undisputed proof made a case for the jury.

We have concluded that it did. The controlling principles of law are not in dispute. Under the Uniform Commercial Code the buyer may revoke his acceptance of

a commercial unit not conforming to the contract if his acceptance was reasonably induced by the seller's assurances. Ark. Stat. Ann. § 85-2-608 (Add. 1961). The revocation must occur within a reasonable time after the buyer discovers or should discover the ground for revocation. *Id.* What is a reasonable time depends upon the circumstances. § 85-1-204. That question is ordinarily one of fact for the jury. Anderson, Uniform Commercial Code, § 1-204:4 (2d ed., 1970); *Robinson* v. *Jonathan Logan Financial*, 277 A. 2d 115 (App. D. C., 1971).

Counsel for the appellee argue, with no citation of authority, that it was simply not reasonable for the purchasers to keep the unit and make payments for 40 months in reliance upon the seller's assurances that the air-conditioner would be made to work. That argument might well be addressed to a jury, but it does not justify our saying as a matter of law that the buyers' reliance was unreasonable. We regard this case as being controlled by our decision in *Gramling* v. *Baltz,* 253 Ark. 361, 485 S.W. 2d 183 (1972), where the purchaser of a truck delayed his rejection of the vehicle for more than two years in reliance upon the seller's assurances that repairs could be made. We held that a question of fact was presented and reversed the trial court's action in directing a verdict against the buyer.

In *Gramling* the purchaser's delay exceeded two years, while here it exceeded three years. That difference, however, is not controlling. If we were unable to say that a delay of more than two years was not unreasonable *as a matter of law,* there is nothing in the statute requiring such a declaration when the delay exceeds three years. Moreover, in the case at bar the air-conditioning unit was presumably used for not more than six months in each year. There was no occasion for the purchasers to complain or to seek rescission during the rest of the year. Consequently the delay of 40 months in the case at bar was actually not as significant as the delay of more than two years in the *Gramling* case.

Reversed and remanded for a new trial.

JONES, J., not participating.