**Richard PURNELL, Appellant,**

v.

**GUARANTY BANK, Appellee.**

No. 20752.

Court of Appeals of Texas, Dallas.

Nov. 2, 1981.

Rehearing Denied Dec. 2, 1981.

---

Michael L. Langley, Zimring & Warner, Dallas, for appellant.

Donald F. Hawbaker, Winstead, McGuire, Sechrest & Trimble, Dallas, for appellee.

Before ROBERTSON, STEPHENS and SPARLING, JJ.

STEPHENS, Justice.

This appeal is from a summary judgment denying relief in a suit to revoke a purchaser's acceptance of a pleasure boat purchased thirty months prior to his notice of revocation. Revocation was sought under the provisions of the Uniform Commercial Code, section 2.608. The sole question presented on appeal is whether the determination that the passage of time between the date of purchase and the date of revocation of acceptance is reasonable, as required by section 2.608, is a question of fact or of law. We conclude that it is a question of fact, and consequently we reverse and remand.

Richard Purnell purchased a pleasure boat from Thompson Marine on June 9, 1977, by paying a down payment and executing a retail installment contract in favor of Thompson Marine, reflecting the total unpaid balance of $22,791.20. On the same day, Thompson Marine assigned the retail installment contract to Guaranty Bank. After the assignment, and prior to his notice of revocation, Purnell paid about $6,354.00 on the contract. On January 7, 1980, Purnell gave Guaranty his notice of revocation of acceptance. Thompson Marine apparently became a bankrupt subsequent to its assignment of Purnell's installment contract and prior to Purnell's notice of revocation to Guaranty, and thus was not made a party defendant to Purnell's suit. In his complaint, Purnell alleged that subsequent to purchase, he discovered defects in the boat which rendered it unfit for its intended purpose and upon notification,

Thompson Marine refused to fix the defects in the boat or rescind the contract of sale.

Guaranty answered Purnell's suit and counterclaimed, seeking recovery for the unpaid balance of the installment contract, together with its attorneys' fees. Guaranty then filed its motion for summary judgment, alleging that Purnell's delay of thirty months in giving his notice of revocation was unreasonable as a matter of law. The trial court granted Guaranty's motion for summary judgment.

Purnell's single point of error on appeal contends that the question of his timeliness in giving notice of revocation of acceptance is a question of fact, precluding summary judgment. We agree. Tex.Bus. & Com. Code Ann. § 2.608 provides that a buyer may revoke his acceptance of goods under certain circumstances, and contains this language as to the timeliness of revocation:

> 2.608(b) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it . . .

■ The words "reasonable time" as used in section 2.608(b) in and of themselves express the existence of a fact. *Sylvester v. Watkins*, 538 S.W.2d 827 (Tex.Civ.App.—Amarillo 1976, writ ref'd n. r. e.). *See also Modular Technology Corporation, Metal Board Division v. City of Lubbock*, 529 S.W.2d 273 (Tex.Civ.App.—Amarillo 1975, writ ref'd n. r. e.) (Commercial reasonableness under § 2.311 is a fact question). Moreover, section 1.204(b) of the Code provides that:

> (b) What is a reasonable time for taking any action depends on the nature, purpose and circumstances of such action.

In our case we have the undisputed time of sale and the lapse of thirty months before notice of revocation, and although we do not have before us proof of the specific facts and circumstances which provoked the act of revocation, Purnell's complaint raised the fact issue of the timeliness of revocation. In the case of *Sylvester v. Watkins, supra*, it was held that the criterion is not when the act occurs, but whether, under all of the circumstances, the notice of revo-

cation is given within a reasonable time after the condition giving rise to the revocation is discovered, or should have been discovered. Other jurisdictions have held that what constitutes a reasonable time for revocation is a question of fact. *See Dopieralla v. Arkansas Louisiana Gas Company*, 255 Ark. 150, 499 S.W.2d 610, 611 (1973); *Birkner v. Purdon*, 27 Mich.App. 476, 183 N.W.2d 598, 601 (1970). Also see 1) Anderson, Uniform Commercial Code, § 1—204:4; 2) Anderson, Uniform Commercial Code, § 2—608:9.

■ We hold that the mere lapse of thirty months is not, as a matter of law, an unreasonable time to revoke acceptance of goods as permitted by section 2.608. The facts and circumstances giving rise to the revocation must also be considered. Consequently, to prevail on summary judgment in defense of such plea, the movant has the burden to negate the existence of facts or circumstances which would excuse the delay.

■ Guaranty argues that Purnell's affidavit in opposition to the motion for summary judgment contains mere conclusions of law rather than factual statements and thus should not be considered. This argument is without merit because even without any opposing affidavit, Guaranty's summary judgment proof would fail to negate the existence of the fact issue. Guaranty's burden, in its motion for summary judgment, was to prove as a matter of law that no genuine issue of material fact existed. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979); *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972); *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970); *Gaines v. Hamman*, 163 Tex. 618, 358 S.W.2d 557 (Tex.1962). As was held in *City of Houston v. Clear Creek Basin Authority, supra*, the non-movant's failure to answer does not supply by default the summary judgment proof necessary to establish the movant's right to summary judgment.

Thus we conclude that Guaranty failed to establish that as a matter of law, no genuine issue of material fact existed.

Reversed and remanded.

SPARLING, Justice dissenting.

I respectfully dissent.

The majority opinion reversed because Guaranty failed to establish that no genuine issue of material fact existed as a matter of law. I would hold that Guaranty's motion for summary judgment was legally sufficient, and that Purnell was then required to properly present summary judgment proof raising a fact issue regarding the reasonableness of the delay of revocation of acceptance. In the absence of such proof, the trial court could properly determine, as it did, that a thirty month delay in revoking acceptance was unreasonable as a matter of law. I would therefore affirm.

The appellant in his single point of error, does not argue that the motion for summary judgment fails to address all elements of the movant's cause of action. The Supreme Court in *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979) requires that a motion for summary judgment must be sufficient if the movant is to prevail, regardless of the non-movant's failure to answer. See *Clear Creek, supra* at 678, "The trial court may not grant a summary judgment by default for lack of an answer or response to the motion by the non-movant when the movant's summary judgment proof is legally insufficient."

In my view, Guaranty's motion for summary judgment is "legally sufficient" and is supported by summary judgment proof. Attached to Guaranty's motion for summary judgment was the retail installment contract signed by Purnell and an affidavit by an employee of Guaranty proving all of the elements of Guaranty's counterclaim, including the thirty month possession of the boat by Purnell prior to giving notice of revocation of acceptance. In the motion for summary judgment, Guaranty contended that all of the alleged facts were uncontested.

Once Guaranty met its burden, it became the duty of Purnell to come forward with summary judgment proof of a disputed material fact. In *Clear Creek, supra* at 678, the Court stated: "The non-movant must expressly present to the trial court any

reason seeking to avoid movant's entitlement . . . . and he must present summary judgment proof when necessary to establish a fact issue." (Emphasis added) The revocation of acceptance, though initially presented in Purnell's petition, also was a matter in avoidance of Guaranty's counterclaim, for Guaranty could not prevail on its retail installment contract if acceptance of the boat by Purnell had been successfully revoked. Revocation of acceptance, therefore, was a "reason seeking to avoid movant's entitlement."

The majority does not contend that Purnell raised any disputed fact issues in its answer to Guaranty's motion for summary judgment, and the Supreme Court in *Clear Creek* tells us that "Pleadings do not constitute summary judgment proof." Therefore, the majority assumes facts that are not properly before the trial court, to wit: the *existence* of a "nature, purpose and circumstances" of the delay. The existence of such circumstances should not be presumed, yet the majority must do so in order to impose upon Guaranty, the movant, an affirmative duty to negate them. Even if we indulge in this presumption, it is a more practical application of summary judgment law that Purnell, with exclusive knowledge of the (presumed) reasons for his delay, be required to raise a fact issue thereto—especially in light of the language by the Supreme Court emphasizing the burden of the non-movant in summary judgment proceedings; "No longer must the movant negate all possible issues of law and fact that *could* be raised by the non-movant in the trial court, but were not" *Clear Creek, supra.*

As the motion for summary judgment by Guaranty is legally sufficient, the issue narrows to whether the question of "reasonableness" may be properly determined as a matter of law when there are no disputed issues of fact raised by Purnell. The majority does not contend that "reasonableness" may *never* be determined as a matter of law. The three cases cited by majority, *Sylvester v. Watkins*, 538 S.W.2d 827 (Tex. Civ.App.—Amarillo 1976, writ ref'd n. r. e.); *Dopieralla v. Arkansas Louisiana Gas Co.,*

255 Ark. 150, 499 S.W.2d 610 (1973), and *Birkner v. Purdon,* 27 Mich.App. 476, 183 N.W.2d 598 (1970), all have this in common: they each contain facts explaining the delay, and hold that the reasonableness of a delay in revocation is an issue for the trier of fact under the facts and circumstances presented in that case. In my opinion, these cases are not controlling because there are no facts and circumstances before the court in this case relative to the thirty month delay. When the circumstances of the revocation are not in dispute, the question of whether notice to revoke was given within a reasonable time is a question of law for determination by the court. 2 Anderson, Uniform Commercial Code § 2–608:9 at 243. (authority cited favorably by the majority opinion).

In *Explorers Motor Home v. Aldridge,* 541 S.W.2d 851 (Tex.Civ.App.—Beaumont 1976, writ ref'd n. r. e.) the court reversed a jury verdict in favor of Plaintiff who after revocation of acceptance of a mobile home, sued for restitution of money paid under a contract of sale. The mobile home had been in the possession of the plaintiff for over two years. In reversing, the court held that: "*[a]s a matter of law,* Plaintiff did not seasonably reject the home and accepted it thereby." (Emphasis added).

In citing *Necho Coal Co. v. Denise Coal Co.,* 387 Pa. 567, 128 A.2d 771, 773 (Pa.1957) the court in *Explorers Motor Home, supra* ; stated: "There was no rejection within a reasonable time. Where reasonable minds cannot differ and only one conclusion can be drawn from the evidence, the question of acceptance is one for the court and not for the jury."

Reasonable minds cannot differ that, *absent evidence of extenuating circumstances,* the return of an accepted item to a vendor after waiting over two and one-half years is unreasonable. The judgment of the trial court should be affirmed.