## JAMES A. ROGERS EXCAVATING, INC. *v.* R. A. YOUNG & SON, INC. and J. I. CASE COMPANY d/b/a CASE POWER AND EQUIPMENT COMPANY

CA 81-148                                    625 S.W. 2d 560 。

Court of Appeals of Arkansas
Opinion delivered December 23, 1981

*Cearley, Gitchel, Mitchell & Bryant, P.A.,* for appellant.

*Walter A. Murray* of *Mayes & Murray,* for appellee R. A. Young & Son, Inc.

*John C. Calhoun* of *Owens, McHaney & Calhoun,* for appellee J. I. Case Company.

TOM. GLAZE, Judge. This is a Uniform Commercial Code case that involves the sale of a loader-backhoe machine and the purchaser's attempt to revoke acceptance of the machine approximately fifteen months after the sale.

On June 15, 1978, James A. Rogers Excavating, Inc. (Rogers) purchased from R. A. Young & Son, Inc. (Young), a loader-backhoe machine manufactured by J. I. Case Company (Case). Rogers was provided a standard repair/replacement warranty on the machine for twelve months.

During the first six months of ownership in 1978, Rogers claimed problems with the hydraulic functions of the machine. Young made repairs under warranty three times during that period and furnished a loaned machine to Rogers at no charge on each occasion. During the next seven months in 1979, i.e., January to August, Rogers did not complain about any hydraulic problems and the only two machine malfunctions reported were otherwise minor problems which were duly repaired and corrected by Young.

On August 1, 1979, the machine's transmission broke down, and it was taken to Young for repairs. On August 2, 1979, Rogers leased a substitute machine from another dealer and bought it one week later. Later, Young completed repairs on the transmission of the machine it had sold Rogers and submitted a bill to Rogers for payment. Rogers refused payment, and, by letter dated September 29, 1979, it advised Young it was revoking acceptance of the backhoe, demanding return of that part of the purchase price paid. Rogers later sent a copy of this letter to Case, the manufacturer.

In November, 1979, Rogers sued Young and Case for return of the purchase price plus other damages. At the close of Rogers' case-in-chief, the trial court granted the directed verdict motions of Young and Case. Rogers challenges the trial court's decision in this appeal.

On appeal, several issues are raised and ably argued by all parties. However, this case turns on one primary issue: whether Rogers' purported revocation following fifteen months use of this machine was unreasonable as a matter of

law.[1] We believe it was and accordingly, we affirm the trial court's holding.

This case is controlled by the Supreme Court's decision in *Cotner v. International Harvester Company*, 260 Ark. 885, 545 S.W. 2d 627 (1977). In the *Cotner* case, International Harvester Company sold a number of trucks to Cotner in 1972. A year or so after the sale, Cotner complained that at least two of the trucks had defective parts. During a period of approximately seventeen months after Cotner's complaint, he testified about a number of repairs he encountered which involved these defects. The evidence reflected Cotner had paid all repair bills, and he had never written International Harvester concerning his complaints. Cotner did apparently talk to the mechanics at International's store about the cause of the problems he was experiencing with his trucks, but they advised him they did not know what was causing the problems. The Supreme Court upheld the trial court's decision to direct a verdict in favor of International Harvester. The court reasoned that Cotner had failed to give sufficient notice of any alleged breach of warranties to International Harvester within a reasonable time after Cotner had discovered the defects.

Under Ark. Stat. Ann. § 85-2-607 (3) (a) (Add. 1961), a buyer is required to notify the seller of any breach within a reasonable time after the buyer discovers it or is barred from any remedy. As was emphasized by the court in *Cotner*, the intent of this provision is that the seller be informed that the buyer proposes to look to him for damages for breach. The notice must be more than a complaint, and it must, either directly or inferentially, inform the seller that the buyer demands damages upon an asserted claim of breach of warranty. The court in *Cotner* stated further:

In spite of the fact that the question of reasonableness of notice, as to time, form and substance is usually a question of fact, *where all the evidence is such that it can lead reasonable minds to only one conclusion as to*

---

[1]Since we decide the case on this issue, it is unnecessary for us to consider and discuss whether Rogers can maintain an action for revocation against Case, a manufacturer.

*the sufficiency of notice, the question presented is one of law to be resolved by the court.* [Emphasis supplied.]

From the record before us, we have no problem in deciding that Rogers' purported revocation was untimely and ureasonable as a matter of law. Rogers claimed there were problems with the machine from the time of its delivery in June, 1978. From June, 1978, to September 25, 1979, the record is devoid of evidence that Rogers placed Young or Case on notice that the alleged defects in the machine were breaches of warranty, and that Rogers intended to look to them for damages. In fact, Mr. James A. Rogers testified that he "had no quarrel with Young and was satisfied with what he had done," *i.e.*, the warranty work. The hydraulic problems, which admittedly were Rogers' main concern, apparently had been alleviated since no similar repairs were shown to have existed between December, 1978, to September 25, 1979. It was also Mr. Rogers who testified that the average use for a backhoe was approximately one hundred hours per month. Using this as a measure, the evidence shows that this backhoe was in full time use from late December, 1978, to August 1, 1979, since Rogers operated the machine 696 hours over a seven month period.

Rogers did experience other minor repair problems unrelated but in addition to the machine's hydraulic system. Rogers argues that if you consider the total number of repairs, *viz.*, seven, over a fifteen month period, a jury question was presented whether the backhoe was nonconforming. In support of its argument, Rogers cites the case of *Gramling* v. *Baltz*, 253 Ark. 352, 485 S.W. 2d 183 (1972). See also *Dopieralla* v. *Arkansas Louisiana Gas Company*, 255 Ark. 150, 499 S.W. 2d 610 (1973). In *Gramling* and *Dopieralla*, the products sold evidenced continued problems. The sellers in both cases attempted to unsuccessfully correct these problems and at the same time assured the buyers that any defects would be corrected. The court in *Gramling* and *Dopieralla* held that it could not say as a matter of law that the sellers' actions and repeated attempts to make repairs did not induce the buyers from discovering the defects.

In the instant case, we have already noted that the hydraulic problems had been corrected by Young. The same was true with the other minor repair problems encountered by Rogers. In sum, Young discovered and remedied each complaint Rogers made concerning the machine and on no occasion did Rogers place Young or Case on notice that it considered these matters to be warranty breaches and intended to be compensated for damages. Unlike the situations posed in *Gramling* and *Dopieralla*, Rogers was never induced by Young to delay discovery of any defect which may have caused the machine to be a nonconforming unit. Rogers had every opportunity, during the fifteen month period involved, to give the notice required under Ark. Stat. Ann. § 85-2-607 (3) (a) (Add. 1961), above. It simply failed to do so.

We believe the facts before us are comparable to those which existed in *Cotner* v. *International Harvester Company, supra*. Under the circumstances presented, we conclude the notification given by Rogers was insufficient and untimely to hold either Young or Case liable for breach of warranty.

Affirmed.